**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

|  |  |
|---|---|
| )<br>)<br>)<br>IN RE: BLACKBAUD, INC.,   )<br>CUSTOMER DATA BREACH   )<br>LITIGATION   )<br>)<br>)<br>)<br>)<br>_____ ) | Case No.: 3:20-mn-02972-JMC<br><br>MDL No. 2972<br><br>**CASE MANAGEMENT ORDER NO. 2<br>(ORGANIZATIONAL STRUCTURE<br>AND APPOINTMENT OF COUNSEL<br>LEADERSHIP)** |

THIS DOCUMENT RELATES TO: ALL ACTIONS

The court intends to appoint Plaintiffs' Lead Counsel, a Plaintiffs' Steering Committee ("PSC"), and Plaintiffs' Liaison Counsel as promptly as practicable.  It is considering whether this litigation will necessitate sub-tracks with their own leadership structures.  Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the court after due notice to all counsel and after a hearing.  Any counsel who anticipates seeking an award of attorneys' fees and reimbursement expenditures from the court shall comply with the directives contained in the Manual for Complex Litigation, Fourth § 14.213 regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred.

**1. ORGANIZATIONAL STRUCTURE OF PLAINTIFFS' COUNSEL LEADERSHIP**

The court currently envisions the roles and responsibilities listed below for Plaintiffs' Lead Counsel, the PSC, and Plaintiffs' Liaison Counsel.

      i.    <u>Plaintiffs' Lead Counsel</u>

Lead Counsel will be responsible for coordinating pre-trial proceedings.  They will have the following responsibilities:

1

a. Determine and present to the court and opposing parties the position of all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this court;

c. Coordinate with members of the PSC in management of the litigation and fund the necessary and appropriate costs of discovery and other common benefit efforts, including the maintenance of a Plaintiffs' document depository;

d. Coordinate settlement discussions or other dispute resolution efforts on behalf of Plaintiffs, under the court's supervision;

e. Delegate specific tasks to other counsel in the matter to ensure that pretrial preparation is conducted effectively, efficiently, and economically; schedules are met; and unnecessary expenditures of time and expense are avoided;

f. Consider the qualifications of non-leadership counsel who submitted applications for specific tasks;

g. Consult with and employ consultants or experts, as necessary;

h. Enter into stipulations with opposing counsel necessary for the conduct of the litigation;

i. Encourage full cooperation and efficiency among all Plaintiffs' counsel;

j. Prepare and distribute periodic status reports to the parties;

k. Maintain adequate time and disbursement records covering service of designated counsel and establishing guidelines, for approval by the court, as to the keeping of time records and expenses;

l. Determine reasonable compensation for non-leadership counsel commensurate with their contributions from a settlement fund, if any, or a verdict;

m. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

n. Present all matters of common concern to Plaintiffs;

o. Perform such other duties as may be incidental to proper coordination with the PSC's pretrial activities or as authorized by further order of the court; and

p. Submit, if appropriate, additional committees and counsel for designation by the court.

ii.    <u>Plaintiffs' Steering Committee</u>

The PSC will conduct and coordinate the discovery stage of this litigation with defense representatives. It will be chaired by Lead Counsel. The court may amend or expand the PSC upon request from the PSC or on the court's own motion, if and as circumstances warrant. The PSC is given the responsibility to create such committees and subcommittees as are necessary to

2

efficiently carry out its responsibilities, designate members thereof, and to delegate common benefit work responsibilities to selected counsel (including non-members of the PSC), as may be required for the common benefit of Plaintiffs.  The PSC will have the following responsibilities:

    a.  *Discovery*

       1)  Initiate, coordinate, and conduct all pretrial discovery on behalf of Plaintiffs in all actions which are consolidated with the instant multidistrict litigation;

       2)  Develop and propose to the court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs;

       3)  Cause to be issued in the name of all Plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims;

       4)  Conduct all discovery in a coordinated, efficient, and consolidated manner on behalf and for the benefit of all Plaintiffs.  No attorney for a Plaintiff may be excluded from attending the examination of witnesses and other proceedings.  Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious;

    b.  *Hearings and Meetings*

       1)  Call meetings of counsel for Plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or the court.  Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

       2)  Examine witnesses and introduce evidence at hearings on behalf of Plaintiffs;

       3)  Act as spokesperson for all Plaintiffs at pretrial proceedings and in response to any inquiries by the court, subject of course to the right of any Plaintiffs' counsel to present non-repetitive individual or different positions;

    c.  *Miscellaneous*

       1)  Submit and argue any verbal or written motions presented to the court on behalf of the PSC as well as oppose when necessary any

motions submitted by Defendant or other parties which involve matters within the sphere of the responsibilities of the PSC;

2) Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation;

3) Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs or their attorneys;

4) Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies to the other Plaintiffs' attorneys;

5) Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the court's orders; and

6) Perform such other functions as may be expressly authorized by further orders of this court.

iii.    <u>Plaintiffs' Liaison Counsel</u>

Liaison Counsel will be charged with administrative matters. Notwithstanding the appointment of Liaison Counsel, each counsel shall have the right to participate in all proceedings before the court as fully as such counsel deems necessary. Liaison Counsel shall not have the right to bind any party as to any matter without the consent of counsel for that party, except Liaison Counsel's own clients. Further, Liaison Counsel shall remain free to represent the interests and positions of their clients free of any claim (including without limitation any claim of conflict) arising from service as Liaison Counsel. They will be expected to:

a. Act as the primary contact between the court and Plaintiffs' counsel;

b. Maintain an up-to-date, comprehensive Service List of Plaintiffs and promptly advise the court and defense counsel of changes to Plaintiffs' Service List;

c. Receive and distribute to Plaintiffs' counsel, as appropriate, orders, notices, and correspondence from the court, to the extent such documents are not electronically filed;

d. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from defense counsel that are not electronically filed;

e. Establish and maintain a document depository;

f. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party;

g.  Assist Lead Counsel and the PSC in resolving scheduling conflicts among the parties and coordinating activities, discovery, meetings, and hearings;

h.  Maintain a file-endorsed copy of this Order, and serve the same on the parties and/or their attorneys in any actions later instituted in, removed to, or transferred to, these proceedings;

i.  Maintain records of receipts and disbursements advanced by members of the PSC and received by the PSC, and report in writing to the PSC concerning disbursements and receipts;

j.  Act as the treasurer for any common benefit assessments and expenses; and

k.  Perform such other functions necessary to effectuate these responsibilities or as may be expressly authorized by further orders from the court.

## 2.  APPOINTMENT OF PLAINTIFFS' COUNSEL LEADERSHIP

The court will exercise the power of appointment fairly, transparently, and on the basis of merit.  All appointments are of a personal nature.  The court desires to appoint individuals, not firms, who have the time and resources available to effectuate the just and efficient resolution of this litigation.  All leadership appointments are for a period of one year.  Each appointee must apply for continued service thereafter.

The court is committed to the diversity of MDL leadership.  Given the multitude of claims in this MDL from diverse Plaintiffs across the country, diverse leadership is integral to the success of these proceedings.  The court also seeks to develop the future generation of diverse MDL leadership by providing competent candidates with opportunities for substantive participation now.  It will make a conscious effort to avoid implicit bias and not overlook qualified applicants based on race, color, gender, sexual orientation, age, or geography.  Additionally, the court will carefully monitor the litigation to ensure that counsel are performing their assigned duties in a manner that is free of invidious discrimination and bias.  It expects that leadership will choose a diverse slate of vendors, including accountants and e-discovery teams.

### 3. APPLICATION PROCESS FOR PLAINTIFFS' COUNSEL LEADERSHIP

The court will only consider attorneys who have filed a civil action in this litigation for leadership positions. However, this does not preclude the selection of other counsel to assist in the matter to ensure diverse leadership. Applications for leadership positions must be filed in the Master Docket (3:20-mn-02972) on or before February 5, 2021 at 5:00 p.m. EST. The court asks that counsel refrain from sending courtesy copies. Those applying as part of a slate should limit their application to twenty-five (25) pages, double-spaced, with attachments of no more than fifty (50) pages. An applicant applying as an individual should identify what role they are seeking and limit the application to ten (10) pages, double-spaced, with attachments of no more than twenty-five (25) pages. Applicants filing as part of a slate are not permitted to file a separate individual application. Each application shall include a resume no longer than three (3) pages and a letter addressing the following:

     i.    Identify whether you are submitting this application as an individual or a slate. If the application is submitted as a slate, describe your proposed leadership structure and disclose any agreements you have reached with counsel in your slate or those supporting it.

    ii.    Explain how you or your slate may bring a breadth of experience and diversity of background to this litigation.

   iii.    Describe each applicant's MDL, class action, and complex litigation experience generally and in data breach and privacy cases specifically. For each attorney, list each court-appointed leadership position in any MDL or class action case in which they have previously been or is currently involved. Please provide case citations as well as the names and contact information for judges or Special Masters who have overseen or are currently presiding over the attorney's cases. For any MDL or class action in which an attorney is currently involved, please describe the current status of the litigation and how much of your time you expect to dedicate to that litigation in the next year.

   iv.    Indicate how you plan to fund the case. This should include whether you anticipate using third-party litigation funding and from whom. If third-party litigation funding is anticipated, please describe the amount of control the funder(s) will have over litigation strategy and settlement decisions. Please detail whether you contemplate if individual lawyers not involved directly in the leadership will assist financially in the litigation. If you prefer, you may submit your response to this question under seal and *ex parte*.

    v.    Disclose any agreements with other counsel in this case, whether regarding funding, cost-sharing, or pooling clients for strategic reasons.

    vi.    Describe what procedures you would use to monitor billing, control costs, and avoid the duplication of efforts of Plaintiffs' counsel, as well as procedures for assigning and monitoring work.

    vii.    Describe how you would maintain communication and obtain input from lawyers who are not part of the leadership structure.

    viii.    Detail your history of working cooperatively with other counsel, including opposing counsel.

    ix.    Provide the name and phone number of three (3) references of opposing attorneys with whom you have worked in either MDL, class action, complex litigation, data breach, or privacy cases.

## 4. DEFENSE LEADERSHIP

Defendant shall propose specific lawyers as Defense Co-Lead Counsel, together with a general description of their qualifications and experience, by <u>February 5, 2021 at 5:00 p.m. EST</u>. The proposal should be filed on the Master Docket. The court will defer a decision on whether appointment of a Defense Steering Committee is appropriate.

## 5. SUMMARY OF DEADLINES

For ease of reference, the following chart summarizes upcoming submission deadlines:

| Deadline | Submission | Party or Parties | Submission Method |
|---|---|---|---|
| February 5, 2021 at 5:00 p.m. EST | Plaintiffs' Counsel Leadership Applications | Plaintiffs' Counsel Interested in Applying for Plaintiffs' Counsel Leadership Roles | File on Master Docket |
| February 5, 2021 at 5:00 p.m. EST | Defense Co-Lead Counsel Proposal | Defense Counsel | File on Master Docket |

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 8, 2021
Columbia, South Carolina

7