**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

|  |  |
|---|---|
| ) | Case No.: 3:20-mn-02972-JMC |
| ) |  |
| IN RE: BLACKBAUD, INC.,    ) | MDL No. 2972 |
| CUSTOMER DATA BREACH    ) |  |
| LITIGATION    ) | **CASE MANAGEMENT ORDER NO. 6** |
| ) | **(PROTOCOL FOR COMMON BENEFIT** |
| ) | **WORK AND EXPENSES)** |
| _____ ) |  |

THIS DOCUMENT RELATES TO: ALL ACTIONS

By this Order, the following protocol shall govern all common benefit work and expenses in this action, including, among other issues, the exercise of billing judgment; the maintenance of contemporaneous, detailed time records; the periodic reporting of fees, expenses, and/or costs; staffing; and rules for attendance at court hearings.[1]

## I.    ADOPTION OF CASE MANAGEMENT PROTOCOLS FOR COMMON BENEFIT WORK

The court hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues.  The recovery of common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel." "Participating Counsel" shall be defined as Co-Lead Counsel, Liaison Counsel, Chair of the Plaintiffs' Steering Committee, and members of the Plaintiffs' Steering Committee (Chair of the Plaintiffs' Steering Committee and the members of the Plaintiffs' Steering Committee are collectively referred to as the "PSC") (*See* ECF No. 35), as well as non-leadership counsel, as authorized by Co-Lead Counsel or approved by the court to perform common benefit work at the

---

[1] Nothing in this Order shall be interpreted to affect any proceedings other than those involving the authorities, duties, responsibilities, guidelines, and rules of and for Plaintiffs' counsel, as discussed herein.

direction of Co-Lead Counsel or the court pursuant to Case Management Order No. 5 ("CMO No. 5").

If and to the extent that this litigation is certified as a class action under Federal Rule of Civil Procedure 23 and resolved, by judgment after trial or settlement, any award of fees and costs for common benefit work will be governed by the standards and procedures set forth in Rule 23, including Rule 23(h). In any event, no award or payment of common benefit fees or costs shall be made without this court's approval.

Participating Counsel shall be eligible to receive an award of common benefit attorneys' fees and an award of costs and expenses only if the time expended, costs incurred, and activity in question were (a) for the common benefit of Plaintiffs; (b) timely submitted; and (c) reasonable in the determination of Co-Lead Counsel and ultimately the court. Costs or expenses that fall within the limitations set forth herein shall not be deemed presumptively reasonable, and the court retains its discretion to evaluate any costs or expenses submitted by counsel for reasonableness.

Participating Counsel, as defined above, shall agree to the terms and conditions herein, including submitting to this court's jurisdiction and agreeing that this court has plenary authority regarding the award and allocation of common benefit attorneys' fees and award of expenses in this matter.

Any counsel seeking an award of fees and expenses for work in this action will submit to Co-Lead Counsel monthly common benefit time and expense submissions. Co-Lead Counsel shall audit such submissions for compliance with the directives set forth in this Order, and inform Participating Counsel when their submissions do not comply with the directives set forth in this Order. Co-Lead Counsel's auditing responsibility notwithstanding, the ultimate determination of what is compensable common benefit work, and the extent or rate at which it is compensable, is

within the discretion of the court.  In the event that Participating Counsel are unsure if the action

they are about to undertake is considered common benefit work, they shall ask Co-Lead Counsel

in advance as to whether such time or expense may be compensable.  Beginning on April 30,

2021, Co-Lead Counsel and Liaison Counsel shall submit *in camera* quarterly reports to the court

reflecting hours billed in this matter by all Plaintiffs in accordance with the court's directive set

forth in CMO No. 5.  This protocol covers those submissions.

A.     **Compensable Common Benefit Work**

"Common Benefit Work" includes all work done and expenses incurred that inure to the

common benefit of Plaintiffs in this MDL.  All services rendered on behalf of the Class must be

specifically authorized by Co-Lead Counsel in writing prior to work being performed.  Submission

of monthly time reports and expenses does not constitute acceptance of the reported time and

expenses.

Examples of compensable and non-compensable work include, but are not limited to:

- **Co-Lead Counsel/PSC/Liaison Counsel Meetings:** Co-Lead Counsel, PSC members, and Liaison Counsel shall use their discretion to limit the number of conference calls and group meetings that include multiple counsel.  They shall also use their discretion to limit participation to indispensable attendees.
- **Consolidated Pleadings and Briefs:** (i) factual and legal research and preparation of consolidated class action complaints and related briefing; (ii) responding to inquiries from class members; (iii) communications with clients in response to Co-Lead Counsel's requests regarding proposed class representatives; (iv) comments and suggestions regarding the consolidated class action complaints and briefs; and (v) class-related issues and briefing related thereto are compensable.
- **Depositions:** While it is impracticable to impose inflexible rules to cover every conceivable situation, Co-Lead Counsel shall exercise discretion, judgment, and prudence to designate the appropriate number of attorneys to participate in any given deposition commensurate with the nature of that deposition, so as to avoid over-staffing.  Thus, for example, the deposition of a causation expert proffered by Defendants would typically justify the assignment of more attorneys than would the defense of the deposition of one of Plaintiffs' fact witnesses, which would typically require one or two attorneys and one paraprofessional.  Time and expenses for Participating Counsel not designated as one of the authorized questioners or otherwise authorized to attend the deposition by Co-Lead Counsel may not be

considered Common Benefit Work but, rather, considered as attending on behalf of such counsel's individual clients. Unnecessary attendance by counsel may not be compensated in any fee application to the court.

- **Periodic MDL Status Conferences:** The court intends to hold periodic status conferences to ensure that the litigation moves forward efficiently, and that legal issues are resolved through formal rulings or guidance from the court. Individual attorneys are free to attend any status conference held in open court to stay up-to-date on the status of the litigation, but except for Co-Lead Counsel, Liaison Counsel, and members of the PSC (or their designees), attending and listening to such conferences is not compensable Common Benefit Work. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients. Mere attendance at a status conference by non-participating counsel absent approval by Co-Lead Counsel will not be considered common benefit time, and expenses incurred in relation will not be considered common benefit expenses. The attorneys designated by Co-Lead Counsel to address issues that will be raised at a given status conference or requested by Co-Lead Counsel to be present at a status conference are working for the common benefit, and their time will be considered common benefit. Similarly, any attorney whose attendance at a status conference is specifically requested by the court (or by any other judge presiding over this matter or court-appointed Special Master) to address a particular issue may submit his or her time and expenses for such attendance for evaluation as Common Benefit Work.

- **Identification and Work-Up of Experts:** If a Participating Counsel retains an expert without the knowledge and approval of Co-Lead Counsel, time and expenses attributable to the same may not be approved as Common Benefit Work. On the other hand, communications with and retention of experts with the knowledge and approval of Co-Lead Counsel will be considered common benefit time.

- **Attendance at Seminars:** Except as approved by Co-Lead Counsel, attendance at seminars (e.g., American Association for Justice Section Meetings, Mass Torts Made Perfect, Harris Martin, and similar seminars and Continuing Legal Education programs) shall not qualify as Common Benefit Work, and the expenses pertaining thereto shall not qualify as common benefit expenses.

- **Discovery and Document Analysis:** Only discovery and document analysis authorized by Co-Lead Counsel and assigned to an attorney or law firm will be considered Common Benefit Work. If a firm/attorney elects to analyze documents that have not been assigned to them by Co-Lead Counsel, that review may not be considered Common Benefit Work. Descriptions associated with "document analysis" or "document review" should contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed. The descriptions should include, for example, the custodian of the document, search query, and/or number of document folders reviewed.

- **Review of Court Filings and Orders:** All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients, and review of briefs and filings made and orders entered in this litigation is part of that obligation. Only Participating Counsel, and those attorneys working on assignments therefrom that require them to review, analyze, or

summarize those filings or orders in connection with their assignments, are doing so for the common benefit. All other counsel are reviewing those filings and orders for their own benefit and that of their respective clients and such review will not be considered Common Benefit Work.

- • **Emails and Correspondence:** Except for Participating Counsel appointed by the court and their assigned attorneys and staff, time recorded for reviewing emails and other correspondence is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email or other correspondence and that is for the common benefit of plaintiffs. Thus, for example, review of an email or other correspondence sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working is not compensable as Common Benefit Work.

Do not report time for work that has not been authorized in writing by Co-Lead Counsel in advance of doing so. Complying with the activity category requirements and other guidelines above is a necessary, but not sufficient, condition for the time being accepted.

**B.     Travel Limitations**

Only reasonable expenses will be reimbursed. Except in unusual circumstances approved by Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

- • **Airfare:** For routine domestic flights, only the price of a refundable, safe, and convenient coach fare seat or its equivalent will be reimbursed unless approved by Co-Lead Counsel. For international travel or transcontinental flights with a total duration exceeding four hours, business class, or if business class is not available, first class, may be reimbursed at Co-Lead Counsel's discretion. Any unusual circumstances must be approved by Co-Lead Counsel.
- • **Hotel:** Hotel room charges for the average available room rate of a reasonable business hotel will be reimbursed. Unusually high hotel charges may be reviewed by Co-Lead Counsel and disallowed.
- • **Meals:** Meal expenses must be reasonable. Unusually large meal expenses may be reviewed by Co-Lead Counsel and disallowed.
- • **Cash Expenses:** Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.
- • **Automobile Rental:** Automobile rentals must be reasonable for the date and location of the rental. Unusually high car rental charges may be reviewed by Co-Lead Counsel and disallowed.
- • **Mileage:** Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

### C.    Non-Travel Limitations

- **Long Distance, Conference Call, and Cellular Telephone Charges:** Common benefit long distance, conference call, and cellular telephone charges are to be reported at actual cost.
- **Shipping, Overnight, Courier, and Delivery Charges:** All claimed common benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.
- **Postage Charges:** Common benefit postage charges are to be reported at actual cost.
- **Telefax Charges:** Common benefit fax charges (if any) shall not exceed $0.50 per page.
- **In-House Photocopy:** The maximum charge for common benefit in-house copies is $0.15 per page.
- **Computerized Research (i.e. Lexis, Westlaw, or Bloomberg):** Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

No entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it. If, on the same day, one person incurs two expenses that fall into two different categories, then there should be two separate entries for that person for that date, each with the appropriate expense description and category code. Similarly, when practical, no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people.

Every expense entry should be as detailed and specific as reasonably practical. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket," "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient. Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to Common

Benefit Work. Expense entries without sufficient detail may be rejected at Co-Lead Counsel's discretion.

Attorneys shall provide receipts for all expenses with their time submissions unless they choose to hold them. All expenses must be supported by receipts or they will be disallowed. Attorneys will be required to provide receipts for all expenses. Each firm must retain receipts along with their expense submissions, in PDF form. Credit card receipts (not the monthly statements) are an appropriate form of verification. Hotel costs must be proven with the full hotel invoice. The description of unclaimed expenses on expense invoices may be redacted.

D.    **Common Benefit Timekeeping Protocols**

1.    **Recording Requirements**

All time must be accurately and contemporaneously maintained. Participating Counsel shall keep contemporaneous billing records of the time spent in connection with Common Benefit Work on this MDL, indicating with specificity the hours (in tenth-of-an-hour increments) and billing rate, along with a description of the particular activity (such as "conducted deposition of John Doe"). Descriptions must bear sufficient detail to identify the precise task and how it related to Common Benefit Work. Individuals identified in time descriptions must be described by at least their first initial and last name, not by initials. "John Doe" is preferred; "J. Doe" is acceptable; and "JD" is unacceptable. Each time entry must be categorized using one of the categories in Exhibit A. In general, when possible, a more specific category should be used in place of a more general category. Under no circumstances should a submitting firm make up new categories for use in its submission. All time entries for Participating Counsel must indicate the name of the Co-Lead Counsel approving the Common Benefit Work described therein, unless

such approval is not required given the nature of the task in relation to Participating Counsel's court-appointed duties, including those detailed in CMO No. 5 or other instruction by the court.

While the categories are generally self-explanatory, below are some further explanations of some of the categories that may have the potential for the most confusion.

1. **Co-Lead/PSC/Liaison Duties (category 3)** – This category code should only be used for work done by court-appointed Co-Lead Counsel, members of the PSC, Liaison Counsel and their assigned attorneys and staff, in their capacity as court-appointed Counsel. This category should be used primarily for court-appointed Counsel's more general or administrative responsibilities that do not fit into other, more specific categories. These include, but are not limited to, reviewing, analyzing, and summarizing filings and orders, or coordinating and designating non-court-appointed attorneys to conduct common-benefit tasks such as document reviews, depositions, or work with experts. This category should not be used by any timekeeper who is not a court-appointed Counsel or one of their assigned attorneys or staff.

2. **Administrative (category 4)** – This category should be used for internal filing and organizational tasks, such as reviewing and downloading documents from the ECF case docket(s), creating charts, reviewing filings generally, updating calendars, review/audit of common benefit time and expenses, and copying and distributing documents, etc., whether done by an attorney or staff. Please remember that the review of filings and orders to stay informed about the litigation is every attorney's obligation, and time spent on such tasks is not compensable as Common Benefit Work for most timekeepers.

3. **Discovery (category 8)** – Almost all common benefit discovery-related tasks should be coded with this category. The exceptions are: document review/analysis (which should be coded category 9), discovery-related motions or briefs (which should be coded category 12), discovery-related court appearances (which should be category 6), and preparation for and taking/defending depositions (which should be category 11).

4. **Document Review/Analysis (category 9)** – For the purposes of this category, the word "document" specifically means documents or other information produced by a party or third-party in discovery. In other words, this category is not to be used for every instance of reading a document—it is more specific than that. Only discovery document analysis specifically authorized by Co-Lead Counsel and assigned to an attorney will be considered Common Benefit Work. Time entry descriptions for document analysis tasks should include specific details such as custodians, search query, number of document folders reviewed, or other similar details.

5. **Pleadings/Briefs/Pre-Trial Motions/Legal Memoranda (category 12)** – All research and drafting time spent for a specific pleading, brief, motion, or similar legal writing should be coded in this category.

6.    **Trial (category 16) –** This category is reserved solely for tasks performed in preparation for and during a trial.

7.    **Miscellaneous (category 18) –** This is a general category that should not be used if a more specific category can be used instead. Any activities that are done in connection with or as part of a larger task like a brief, or a court appearance, or a meeting, should be categorized according to that larger task. This category should be used relatively infrequently; however, if it is used, it is critical that the description of the task be sufficiently detailed to demonstrate the work was common benefit.

## 2.    Hourly Rates

Participating Counsel shall record their then-present hourly rates for all attorneys and staff. Although counsel may seek an award of fees based on their hourly rate at the time a settlement or judgment is reached to account for the delay in payment, their billing records shall be prepared and recorded at the then-present rates in monthly time reports submitted to Co-Lead Counsel. Participating Counsel shall not bill a rate other than their standard rates at the time the work is performed. Use of these rates does not guarantee their payment.[2] Work performed by document analysts shall be compensated at rates no more than $350/hour.

## 3.    Document Analysis

Co-Lead Counsel will put out for bid any vendor services and strive to get the best services for the best price without sacrificing quality. A document analysis system will be used to avoid unnecessary travel expenses and procedures will be put in place to monitor how much time is spent analyzing documents and to monitor the efficiency and quality of analysis by other firms.

Participating Counsel may use junior associates, contract, and staff attorneys for initial document analysis and coding; mid-level associates, contract and staff attorneys for higher level analysis and coding; and senior attorneys (including partners, as necessary) for top-tier analysis

---

[2] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. *See, e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 609 (9th Cir. 1997); *In re Washington Public Power Supply Systems Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994).

and quality control.  Lawyers who perform initial document analysis and coding will be billed at an hourly rate consistent with the market rate for junior associates.

### E.    Common Benefit Expenses Protocol

#### 1.    Shared Costs

"Shared Costs" are costs that will be paid out of the Litigation Fund administered by Plaintiffs' Co-Lead Counsel.  Participating Counsel shall contribute to the Fund at times and in amounts sufficient to cover Plaintiffs' expenses for the administration of this MDL.  The timing and amount of each assessment will be determined by Plaintiffs' Co-Lead Counsel, and each assessment will be paid within fourteen (14) days.  Failure to pay assessments will be grounds for removal from the appointments made by the court.  Liaison Counsel shall act as the treasurer for any common benefit assessments and expenses.  Liaison Counsel shall also maintain records of receipts and disbursements advanced by Co-Lead Counsel and members of the PSC and received by Co-Lead Counsel and the PSC, and report in writing to Co-Lead Counsel and the PSC concerning disbursements and receipts.

Shared Costs are costs incurred for the common benefit of Plaintiffs in this MDL as a whole.  Individual client-related costs, save certain costs relating to future cases selected as bellwether cases that will be for the common benefit (e.g., related to liability and causation), shall not be considered Shared Costs, unless exceptional circumstances exist and are approved by later order of this court.  All Shared Costs must be approved by Co-Lead Counsel prior to payment.

All costs that meet these requirements and fall under the following categories may be considered Shared Costs and qualify for submission and payment directly from the Fund:

- Court, filing, and service costs related to common issues;
- Court reporter and videographer costs for depositions;
- Document (both electronic and hard copy) depository creation, operation, staffing, equipment, and administration;

- Co-Lead Counsel, PSC, Liaison Counsel or out-of-house or extraordinary administration matters (e.g., expenses for equipment, technology, courier services, long distance, electronic service, photocopy and printing, secretarial/temporary staff, meetings and conference calls, etc.);
- Legal, tax, and accountant fees relating to the Fund;
- Expert witness and consultant fees and expenses for experts whose expertise, skill, opinions and/or testimony would be generic and for the common benefit of a substantial number of cases;
- Printing, copying, coding, and scanning related to the above (only out-of-house or extraordinary firm costs);
- Research by outside third-party vendors/consultants/attorneys, approved by Co-Lead Counsel;
- Translation costs related to the above, approved by Co-Lead Counsel;
- Bank or financial institution charges relating to the Fund;
- Investigative services, approved by Co-Lead Counsel; and
- Any assessment paid by Co-Lead Counsel or by a non-Lead Counsel firm from whom an assessment was requested by Co-Lead Counsel.

Co-Lead Counsel shall prepare and be responsible for distributing reimbursement procedures and the forms associated therewith. Requests for payments from the Fund for common benefit expenses shall include sufficient information to permit Co-Lead Counsel and a Certified Public Accountant to account properly for costs and to provide adequate detail to the court if necessary.

2.    **Held Costs**

"Held Costs" are those that will be carried by each attorney in this MDL and reimbursed as and when Co-Lead Counsel determines to do so. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the common benefit of all Plaintiffs in this MDL. No client-specific costs can be considered Held Costs, other than certain common benefit costs relating to class representatives and future bellwether cases at the discretion of Co-Lead Counsel. Held Costs shall be recorded in accordance with the guidelines set forth herein and shall be subject to the travel and administrative limitations set forth in this Order.

**F.      Protocols for Submission of Time and Expenses**

      **1.      Format**

For Co-Lead Counsel to maintain all time submissions in a fully sortable and searchable format, all of the time and expense submissions must be provided by Participating Counsel in the following format:

     A.  Counsel must use the Excel forms provided as Exhibits to this Order. This means that each monthly submission will consist of one Excel file, within which there will be three "sheets" (marked by tabs at the bottom): "Expense Report," "Monthly Time Report," and "Monthly Time Report Totals."

     B.  In the "Monthly Time Report," the person who performed each task should be identified in the column called "Last Name, First Name" by their complete last name, a comma, and their complete first name (e.g., Smith, John).  Please do not use abbreviations or initials in this column.

     C.  In all reports, the date must be provided in month/day/year format (e.g., 10/23/2014).

     D.  All time and expense submissions should be sent to BlackbaudCommonBenefit@motleyrice.com.

      **2.      Deadlines**

Time and expense submissions shall be made to Co-Lead Counsel on a monthly basis, by deadlines and in accordance with the guidelines set forth herein.  The first submission is due on March 21, 2021 and should include common benefit time and expense from the date of appointment of counsel – February 16, 2021 – to February 28, 2021.  For work done prior to

February 16, 2021, Co-Lead Counsel will review common benefit submissions pursuant to the guidelines herein to determine what, if any, to submit.

After this first submission, each monthly submission should be made on the 10th of the month and include all common benefit time and expenses incurred from the first to the last day of the preceding month (e.g., the submission due May 10, 2021, should contain all common benefit time and expenses incurred from April 1, 2021 through April 30, 2021).

Counsel shall endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 10th of the next month; however, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances. Thus, submissions of "supplemental" common benefit expense reports will be permitted for those expenses incurred during the previous six (6) months that—because of circumstances outside the submitting counsel's control—could not have been submitted by the deadline. Any common benefit expenses submitted more than six (6) months late under this protocol may not be considered or included in any compilation of common benefit expense calculation and may be disallowed, except for good cause shown and with approval of Co-Lead Counsel.

The court maintains jurisdiction over this Order and will modify it as necessary going forward.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 5, 2021
Columbia, South Carolina

# Exhibit A

BLACKBAUD CUSTOMER DATA BREACH LITIGATION
MONTHLY TIME REPORT

| Date Submitted: | 1/1/2021 | | | | | | |
|---|---|---|---|---|---|---|---|
| Certified By: | Name | | | | | **Total Monthly Time Spent** | **Total Monthly Fees** |
| Firm Name: | Firm Name | | | | | 1.0 | $100.00 |
| Reporting Period: | 1/1/20 to 12/31/20 | | | | | | |
| **Categories Codes:** | 1. Lead Counsel Calls/Meetings    2. PSC Calls/Meetings    3. Lead Counsel/PSC Duties    4. Administrative    5. MDL Status Conf.    6. Court Appearance    7. Research 8. Discovery    9. Doc. Review    10. Litigation Strategy & Analysis    11. Dep. Prep/Take/Defend    12. Pleadings/Briefs/Pre-trial Motions/Legal 13. Experts/Consultants    14. Settlement    15. Trial Prep/Bellwether    16. Trial    17. Appeal    18. Miscellaneous (describe) | | | | | | |

| Last Name, First Name | Date of Service (00/00/0000) | Category Code | Detailed Description of Work Performed | Name of Co-Lead Counsel Who Approved Work | Billing Rate | Time spent (by 0.1 increments) | Fees Total |
|---|---|---|---|---|---|---|---|
| Last, First | 01/01/2021 | 1 | Example Entry | Name | 100 | 1.00 | $100.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**BLACKBAUD CUSTOMER DATA BREACH LITIGATION**
**MONTHLY TIME SUMMARY**

| Date Submitted: | 1/1/2021 |
|---|---|
| Certified By: | Name |
| Firm Name: | Firm Name |
| Reporting Period: | 1/1/20 to 12/31/20 |

| Category Code | Category Name | Total Time per Category | Total Fees per Category |
|---|---|---|---|
| 1 | Lead Counsel Calls/Meetings | 1.0 | $100.00 |
| 2 | PSC Calls/Meetings | 0.0 | $0.00 |
| 3 | Lead Counsel/PSC Duties | 0.0 | $0.00 |
| 4 | Administrative | 0.0 | $0.00 |
| 5 | MDL Status Conf. | 0.0 | $0.00 |
| 6 | Court Appearance | 0.0 | $0.00 |
| 7 | Research | 0.0 | $0.00 |
| 8 | Discovery | 0.0 | $0.00 |
| 9 | Doc. Review | 0.0 | $0.00 |
| 10 | Litigation Strategy & Analysis | 0.0 | $0.00 |
| 11 | Dep. Prep/Take/Defend | 0.0 | $0.00 |
| 12 | Pleadings/Briefs/Pre-trial Motions/Legal | 0.0 | $0.00 |
| 13 | Experts/Consultants | 0.0 | $0.00 |
| 14 | Settlement | 0.0 | $0.00 |
| 15 | Trial Prep/Bellwether | 0.0 | $0.00 |
| 16 | Trial | 0.0 | $0.00 |
| 17 | Appeal | 0.0 | $0.00 |
| 18 | Miscellaneous | 0.0 | $0.00 |
|  | **Total:** | **1.0** | **$  100.00** |

BLACKBAUD CUSTOMER DATA BREACH LITIGATION
MONTHLY EXPENSE REPORT

| Date Submitted: | 1/1/2021 |
|---|---|
| Certified By: | Name |
| Firm Name: | Firm Name |
| Reporting Period: | 1/1/20 to 12/31/20 |

| Monthly Expense Total |
|---|
| $100.00 |

**Category Codes: 1. Assessment Fees  2. Federal Express / Local Courier, etc.  3. Postage Charges  4. Facsimile Charges  5. Long Distance  6. In-House Photocopying  7. Outside Photocopying    8. Hotels   9. Meals   10. Mileage   11. Air Travel    12. Deposition Costs    13. Lexis/Westlaw/PACER   14. Witness and Expert Expenses  15. Court Fees  16. Investigation Fees / Service Fees  17. Hearing and Trial Transcripts  18. Ground Transportation (i.e. rental car, taxi)  19. Miscellaneous (Describe)**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*ALL ORIGINAL RECEIPTS MUST BE MAINTAINED AND PROVIDED TO LEAD COUNSEL UPON REQUEST\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| Last Name, First Name | Date (00/00/0000) | Category Code (1-19) | Detailed Description | Amount | Explanation for any late expenses |
|---|---|---|---|---|---|
| Last, First | 1/1/2021 | 1 | Example Entry | $100.00 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |