**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| IN RE: BLACKBAUD, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:20-mn-02972-JMC<br><br>MDL No. 2972<br><br>**STIPULATED ORDER GOVERNING THE TAKING OF REMOTE DEPOSITIONS** |

THIS DOCUMENT RELATES TO: ALL ACTIONS

WHEREAS COVID-19 continues to affect the operation of the judicial system and to limit the ability of individuals to safely travel or congregate, and

WHEREAS the Parties have agreed to stipulate and agree, pursuant to Federal Rules of Civil Procedure 29 and 30(b)(4), by and through their undersigned counsel and subject to court approval, to the following terms governing the taking in this case of Remote Depositions (as that term is defined below):

**I.     GENERAL GUIDELINES AND SCOPE**

1. This Stipulated Request for an Order Governing the Taking of Remote Depositions (the "Protocol") will govern, subject to court approval, the taking of Remote Depositions in the above-captioned matter as a supplement to the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of South Carolina.

2. By agreeing to this Protocol, no Party waives the right to object to the deposition of a particular Witness (as defined below) being taken by remote means pursuant to Paragraph 12. This Protocol in no way constitutes an agreement by the Parties to take all depositions via remote means. The Parties must conduct themselves in a good faith

1

effort to best fulfill the goals of Federal Rule of Civil Procedure 1 while avoiding unnecessary health risks in light of the COVID-19 pandemic and recognizing the practical obstacles to discovery that the pandemic may create. The Parties recognize that the effects of the COVID-19 pandemic have had a profound impact on the United States' court system and the daily operations of businesses and individuals. The Parties agree that they will use their best efforts to further this litigation expeditiously, efficiently, and safely during this unprecedented time. To protect public health and safety, in light of the COVID-19 pandemic, and pursuant to Federal Rules of Civil Procedure 30(b)(3) and (b)(4), all depositions in this action shall be taken via remote videoconference and may be recorded by reliable audiovisual means, absent agreement, objection or court order to the contrary.

3. If a Party believes that the risk to the health and safety of the public in light of the COVID-19 pandemic has been sufficiently mitigated such that in-person depositions may occur:

   a. The Parties shall meet and confer regarding whether depositions can be safely conducted in person;

   b. If the Parties agree that in-person depositions may safely occur, then in-person depositions may proceed without further order of the court pursuant to the stipulation of the Parties, which may include procedures for the conducting of in-person depositions; and

   c. If the Parties agree that in-person depositions may safely occur, then the Parties shall jointly write a letter to the court outlining their positions concerning the need for any amendments to this Order to account for in-person procedures.

4. The Parties shall cooperate to select a mutually convenient date and time for each deposition conducted in this MDL – and in the event that depositions can be held in-person, the Parties shall cooperate to select a mutually convenient location at or near the place where the deponent lives.

5. This Protocol does not modify the governing rules for the taking of depositions imposed by the Federal Rules of Civil Procedure or this court's Local Rules except to the extent those rules are specifically modified herein.

## II.  DEFINITIONS

6. "Defending Party" means the Party that represents or has employed the Witness.

7. "Noticing Party" means the Party that noticed a Witness for a Remote Deposition pursuant to Federal Rule of Civil Procedure 30.

8. "Remote Deposition" means any deposition by oral examination conducted pursuant to Federal Rule of Civil Procedure 30 where any or all the participants—including attorneys, witnesses, court reporters, Parties, or videographers—are not physically present in the same location at the time the deposition is taken.

9. "Requesting Party" means any Defending Party or Third Party who requests in writing that a deposition be conducted remotely.

10. "Third Party" means a Witness that is not a Party to the Litigation who agrees to have a deposition taken pursuant to this Protocol.

11. "Witness" means the person noticed for the taking of a Remote Deposition or designated to appear to give testimony pursuant to Federal Rule of Civil Procedure 30(b)(6).

## III.  AGREEING TO CONDUCT A DEPOSITION REMOTELY

12. Any Party may notice a Remote Deposition by stating its intention to take a deposition

by remote means in its original notice of a deposition by oral examination pursuant to Federal Rule of Civil Procedure 30 or in an amended notice. Any Requesting Party who receives a deposition notice may request that the deposition be taken by remote means by making a written request to the Noticing Party that the deposition occur remotely.

13. Absent agreement to the contrary, a Party must serve notice of its intention to take a Remote Deposition no less than fourteen (14) days before the date the deposition is to occur.

14. If a Noticing Party or a Requesting Party objects to the taking of the deposition by remote means, it must notify the Noticing Party or Requesting Party, in writing, of the objection within three (3) days of receiving a notice of its intention to take a Remote Deposition or written request to be deposed remotely. The Parties agree to promptly confer in good faith to attempt to resolve any such objection. If the Parties are unable to resolve any objection, the Noticing Party or Requesting Party may, pursuant to Federal Rule of Civil Procedure 30(b)(4), file, within three (3) days of the Parties reaching an impasse, a motion with the court seeking an order that a deposition be taken (or not be taken) by remote means. The deposition may not take place until the court resolves the motion.

**IV.    REMOTE TECHNOLOGY REQUIREMENTS**

15. For all Remote Depositions, the Party noticing the deposition shall ensure that the Vendor selected for the deposition will satisfy the requirements set forth in this Protocol.

16. Any remote deposition shall use a platform and system(s) that comply with all requirements of this Protocol, including the ability to provide high-quality and reliable

video and audio streaming to all Participants and Attendees, full synchronization of audio and video with each other and with real-time transmission option from the court reporter, and the ability of every Participant to be heard clearly by all other Participants even if another Participant is speaking (*e.g.,* if an objection is being stated).

17. No later than twenty-four (24) hours in advance of a deposition, the Parties shall provide names of all planned Participants and Attendees to the Vendor retained to facilitate the deposition.  Attendees other than Participants shall place their microphones on "mute" during the deposition except when needed to assert an objection.  To the extent a Party's designated Attendee is unable to attend the deposition for any reason, that Party may designate a new Attendee.  Upon notice to all Parties, that new Attendee may use the credentials and/or password provided to the original Attendee.

18. The Noticing Party shall be responsible for arranging the taking of a Remote Deposition with that Party's Vendor and ensuring that electronic invitations to attend the deposition remotely are sent via the Vendor to the Witness and all attendees.  The Defending Party shall notify the Noticing Party of the email addresses of the Witness and participating attorneys no later than four (4) days before the deposition.

19. The Defending Party shall ensure that the Witness has access to technology that meets the minimum standards required by the Platform, including but not limited to a computer with an internet speed of at least ten (10) megabits per second, a webcam, a phone, a microphone, and headphones or speakers.

20. Remote Depositions subject to this Protocol shall be recorded by stenographic and audiovisual means by the Vendor.

21. To the extent that the Vendor's technology includes a "chat" feature or similar capabilities, the Noticing Party shall ensure that the Vendor either: (a) disables the feature or (b) implements settings (if available) that require all communications to be seen by all Participants.  Nothing in this provision is to be read as prohibiting otherwise appropriate communications among Participants and/or Attendees by other means.

22. Absent a court order or agreement to the contrary, the Noticing Party shall bear the costs of the attendance of the videographer, court reporter, and their own Vendor.  Each Party shall be responsible for the costs of its own real-time feed, deposition transcript (rough and final), and video copy of the deposition.

23. To host a remote deposition, a Vendor must have implemented adequate security measures to ensure the confidentiality of the remote deposition (*e.g.,* video and audio feeds, exhibits).  These security measures must include a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition, the ability to disable the "record" feature in the remote deposition platform, and end-to-end encryption.  The Vendor must also offer training prior to the deposition to the deponent and attorneys who will participate in the deposition.

24. The Vendor shall have the capability to provide a real-time transcript during the deposition that shall be available to all Participants and Named Attendees, upon request and at their own expense, via a real-time feed that can be accessed through the same device on which the video feed is being viewed or via a second device.

25. All deposition notices and subpoenas must identify the Vendor, including court reporter and videographer services, that will host and record the remote deposition and contain a general description of how those attending may access the remote connection being

utilized (*e.g.,* GoToMeeting, Zoom, Webex).

26. If the deponent lacks sufficient technology to participate remotely, counsel for the deponent shall supply it to the deponent or deponent's representative prior to the deposition. If any unrepresented deponent lacks sufficient technology to participate remotely, the Noticing Party shall take reasonable steps to provide sufficient technology to the deponent for use in the deposition.

27. To the extent technological issues cause unreasonable delay during a deposition, the Parties shall go off the record to address the technical issues. Time spent dealing with technical difficulties will not be counted against agreed to or Federal Rule of Civil Procedure mandated deposition time limits.

28. The deponent will use their best efforts to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to display the deponent.

29. To avoid potential disruptions of a remote deposition, those attending shall use reasonable efforts to enable "do not disturb" or "mute" settings for applications on their computers or devices that are not in use to conduct or participate in the deposition. Participants shall endeavor to be in a quiet place while the deposition is being conducted.

30. Each person attending the deposition – either remotely or in person – shall log into the remote-deposition platform so that all participants can hear each other and be aware of those who are present. The deponent and attorneys conducting or defending the deposition must be visible to all other participants during the deposition.

31. No counsel shall conduct a private communication with any deponent while a question

is pending, except for the purpose of determining whether a privilege should be asserted. Counsel's communication with any deponent shall conform with Local Civil Rule 30.4 (D.S.C.).

32. During breaks in the deposition, the Parties may use the breakout room feature provided by Vendor's video-conferencing technology, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the Party's Vendor prior to the deposition and controlled by the Party's Vendor throughout.

## V. EXHIBITS

33. All exhibits presented during a Remote Deposition shall be displayed electronically. The Platform or Platforms utilized shall have functionality that will enable the Parties to maintain the confidentiality of Protected Material used at a deposition, in accordance with the Confidentiality Order in this matter.

34. Exhibits used in depositions shall be sequentially numbered within each deposition. The numbering of exhibits will have the deponent's last name or other identifier agreed to by the Parties and begin with the numbering sequence 0001.

## VI. OATH OR AFFIRMATION

35. A Remote Deposition taken pursuant to this Protocol will be deemed to have been conducted "before an officer" as required by Federal Rule of Civil Procedure 30(b)(5)(A) so long as that officer attends the deposition via the same remote means used to connect all other remote participants, and so long as all participants (including the officer) can hear and be heard by other participants.

36. Notwithstanding any other rule to the contrary, the Parties stipulate that the Witness' oath or affirmation may be administered remotely.

37. Remote Depositions shall be recorded by stenographic means consistent with the requirements of Federal Rule of Civil Procedure 30(b)(3). The court reporter need not be physically present with the witness whose deposition is being taken, unless counsel for the deponent or either of the Parties is present at the same location as the deponent, in which case the court reporter and a videographer shall be in the same location as the deponent to the extent safely possible. The Parties agree not to challenge the validity of the deposition or the validity of any oath administered by the court reporter on the basis that the deposition, including the oath administered by the court reporter, was administered entirely by remote means.

38. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. The videographer will simultaneously videotape the deposition and preserve the video recording.

## VII. USE OF TESTIMONY

39. The Parties agree that these video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing provided all requirements of this protocol were satisfied. A Party shall raise any objections it may have concerning compliance with this Protocol prior to or at the deposition. No Party may oppose the use of a remote deposition at trial or at any hearing on the basis of an objection to compliance with this Protocol that could have been raised prior to or at the deposition but was not raised. The Parties agree to reserve all other objections to the use of any deposition testimony at trial.

## VIII. MISCELLANEOUS PROVISIONS

40. At the beginning of the Remote Deposition, all participants and anyone that joins the deposition after the beginning of the deposition, shall be identified for the record.

> Consistent with Local Civil Rule 30.04(E) (D.S.C.), no counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted, to make an objection, or to move for a protective order.  In accordance with Local Civil Rule 30.04 (H) (D.S.C.), "[d]eposing counsel shall provide to opposing counsel an electronic copy of all documents to be shown to the witness during the deposition, either before the deposition begins or contemporaneously with the showing of each document to the witness.  If the documents are provided (or otherwise identified) at least seven (7) days before the deposition, then the witness and the witness's counsel do not have the right to discuss the documents privately during the deposition.  If the documents have not been so provided or identified, then counsel and the witness may have a reasonable amount of time to discuss the documents before the witness answers questions concerning the document."

41. If technical difficulties arise during the taking of a Remote Deposition, counsel for the Parties must meet and confer immediately, by telephone or other means, to determine whether the Remote Deposition can proceed or should be continued to a future date.  If the Parties cannot agree on how to proceed, they may seek a telephone conference with the court or its designees to resolve the dispute.

42. The Defending Party shall ensure that the Witness is made aware of and complies with all of the requirements in this Protocol.

## IX.    MODIFICATION BY AGREEMENT

43. The requirements of this Protocol may be modified with respect to an individual deposition upon written agreement of all Parties.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Respectfully submitted,

| | |
|---|---|
| **MOTLEY RICE LLC** | **DiCELLO LEVITT GUTZLER LLC** |
| */s/ Marlon E. Kimpson* | */s/ Amy E. Keller* |
| Marlon E. Kimpson (SC Bar No. 17042) | Amy E. Keller |
| 28 Bridgeside Boulevard | Ten North Dearborn Street, 6th Floor |
| Mount Pleasant, SC 29464 | Chicago, IL 60602 |
| Tel: (843)216-9000 | Tel: (312) 214-7900 |
| Fax: (843)216-9027 | Email: akeller@dicellolevitt.com |
| Email: mkimpson@motleyrice.com | |
| **WHITFIELD BRYSON LLP** | **SUSMAN GODFREY LLP** |
| */s/ Harper T. Segui* | */s/ Krysta K. Pachman* |
| Harper T. Segui | Krysta K. Pachman |
| 217 Lucas Street, Suite G | 1900 Avenue of the Stars, Suite 1400 |
| Mount Pleasant, SC 29464 | Los Angeles, CA 90067 |
| Tel: (919) 600-5000 | Tel: (310) 789-3100 |
| Fax: (919) 600-5035 | Fax: (310) 789-3150 |
| Email: harper@whitfieldbryson.com | Email: kpachman@susmangodfrey.com |

*Co-Lead Counsel for Plaintiffs*

**BURR FOREMAN MCNAIR**

*/s/ Celeste T. Jones*
Celeste T. Jones (Fed. ID # 2225)
1221 Main Street, Suite 1800
Columbia, SC 29201
Tel: (803) 799-9800
Fax: (803) 753-3278
Email: CTJones@burr.com

*Co-Lead Counsel for Defendant Blackbaud, Inc.*

    **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 10, 2021
Columbia, South Carolina

11