# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

|   |   |
|---|---|
| IN RE: BLACKBAUD, INC., CUSTOMER DATA BREACH LITIGATION | Case No.: 3:20-mn-02972-JMC<br><br>MDL No. 2972<br><br>**CASE MANAGEMENT ORDER NO. 7 (SUMMARY OF CASE MANAGEMENT CONFERENCE NO. 2)** |

THIS DOCUMENT RELATES TO: ALL ACTIONS

On March 19, 2021, the court held a case management conference to discuss the status of the case, disagreements between the parties, and the next stages of the litigation. After carefully considering the statements made at the hearing and the parties' written submissions, the court issues the following Order:

1. **OTHER TAG-ALONG ACTIONS**

The Judicial Panel on Multidistrict Litigation ("JPML") is aware of two (2) other tag-along actions: *Cohen v. Blackbaud, Inc.* (W. Wa., 2:20-cv-01388) and *Peterson v. Allina Health System* (D. Minn., 0:20-cv-02275-NEB-BRT). As the transfer of both actions is challenged, the JPML will hold a hearing on March 25, 2021 to determine whether they should be consolidated in the MDL.

2. **DOCUMENTS PROVIDED TO REGULATORS**

Defendant agreed to produce the Forensic Report from the breach but the parties disagree as to when the report should be disclosed. Plaintiffs assert that they should have access to the Forensic Report now so they can narrowly craft the claims in the forthcoming Consolidated Complaint. Defendant counters that it should not be required to produce the Forensic Report

1

before the Consolidated Complaint is filed because the report is irrelevant to jurisdiction and pre-complaint discovery is inappropriate. The court takes the parties' arguments under advisement and will issue an order resolving the disagreement in due time.

3. **SPECIAL MASTER**

The parties introduced their proposed Special Master candidates and expressed their desire to select a Special Master for Discovery and a Mediator for Settlement. (*See* ECF No. 50.) The court initially asked the parties to meet and confer about their proposed candidates and narrow their proposals to three (3) candidates for each role by Wednesday, March 24, 2021. However, after further reflection, the court has decided to narrow the parties' proposed candidates on its own. Accordingly, the parties are no longer expected to submit an updated proposal.

4. **ESTABLISHMENT OF METHOD FOR NON-APPOINTED COUNSEL TO VIEW FUTURE CASE MANAGEMENT CONFERENCES**

The court informed the parties that it would not be able to provide a publicly accessible videoconference link to future case management conferences. Unlike other districts, the District of South Carolina has not used local funds to purchase upgraded videoconference software. The court, however, is willing to work with the parties on other proposals.

5. **CREATION OF MDL WEBSITE**

Plaintiffs advised the court that they have created a website for the MDL. The website is currently password-protected but will be publicly available in the future. Plaintiffs will manage the website and plan to include the MDL's case management orders and status updates on the website.

## 6. SEQUENCE OF DISCOVERY AND SUBSTANTIVE RULE 12 MOTION(S) TO DISMISS

The parties expressed their desire to simultaneously address issues arising under Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6). The court asked the parties to meet and confer and email a letter to the court by Friday, March 26, 2021 detailing their preferred sequence of discovery and motions. After the court reviews the parties' submission, it will enter a case management order specifying how the litigation will proceed.

## 7. CONFIDENTIALITY ORDER DISAGREEMENT

Before the case management conference, the parties informed the court that they were unable to reach an agreement regarding the treatment of security sensitive documents in discovery. (*See* ECF No. 48 at 4-10.) During the conference, the court instructed the parties to proceed with using a third tier of confidentiality designation entitled, "TRIAL COUNSEL ONLY – SECURITY SENSITIVE," for documents describing Defendant's information security systems. The parties shall find a vendor that will allow Plaintiffs' Lead Counsel and a select team of document reviewers to access documents labeled "TRIAL COUNSEL ONLY – SECURITY SENSITIVE." Defendant will not be permitted to receive notifications of each document printed by Plaintiffs' Counsel but Plaintiffs' Counsel shall provide Defendant and the court with a list of people who will have access to the documents.

## 8. DEFENDANT FACT SHEET DISAGREEMENT

Plaintiffs' Defendant Fact Sheet asks Defendant to identify its customers who were notified of the security incident. (*Id.* at 2.) Defendant "objects to this request for information because it seeks information that is irrelevant to the threshold issue of jurisdiction, and the request is overbroad and unduly burdensome at this stage of the proceedings[.]" (*Id.*)

At the case management conference, Plaintiffs' Counsel argued that they need the information because the data breach notifications received by their clients do not specify if their information was disclosed as a result of the ransomware attack on Defendant's systems. Consequently, Plaintiffs' Counsel asserts that they cannot independently verify whether class representatives were impacted by the breach of Defendant's systems. Defendant continues to oppose the request, claiming that Plaintiffs are requesting the information to identify more class members. The court takes the parties' arguments under advisement and will issue an order resolving the dispute after considering the parties' written submission and oral arguments.

### 9. PLAINTIFFS' REQUEST TO FILE A BELLWETHER COMPLAINT

Plaintiffs asked the court to allow them to file a bellwether complaint. Although they plan to file a fifty (50) state consolidated complaint on April 2, 2021, Plaintiffs would like to subsequently file a bellwether complaint asserting select claims and enter a tolling agreement with Defendant on the remaining claims. Plaintiffs claim that a bellwether complaint would allow the court to quickly assess liability and therefore facilitate early settlement negotiations. They also emphasized that employing a bellwether complaint model would not bind Defendant to a bellwether trial. Defendant opposed Plaintiffs' request, contending that the court should assess whether Plaintiffs have standing before entertaining a bellwether complaint. The court will reserve judgment on the use of a bellwether complaint until the parties meet and confer on this issue.

### 10. SCHEDULING

The court reminded the parties that the third case management conference will take place on Friday, April 30, 2021 at 10 a.m. It also asked the parties to determine their availability for a motion to dismiss hearing in July.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 22, 2021
Columbia, South Carolina

5