**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| **IN RE: BLACKBAUD, INC., CUSTOMER DATA SECURITY BREACH LITIGATION** | **Case No. 3:20-mn-02972-JMC**<br><br>**MDL No. 2972**<br><br>**STIPULATED CONFIDENTIALITY ORDER** |

THIS DOCUMENT RELATES TO: ALL ACTIONS

Disclosure and discovery activity in this litigation may involve the production of confidential information, proprietary information, trade secret information, individual personal information that is protected from disclosure under state or federal law, all of which may warrant special protection from public discovery and from use for any purpose other than prosecuting and defending this litigation.  The information likely to be the subject of disclosure and discovery activity in this litigation may also involve unique risks related to privacy, data security, data governance, and data management that will be greater than in most cases.

Accordingly, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, it is **ORDERED** pursuant to this Court's authority under Fed. R. Civ. P. 26(c) and 28 U.S.C. § 1407(b):

I.      **DEFINITIONS**

A.      "**Action**" or "**Litigation**" means the cases coordinated or consolidated for pre-trial proceedings in this multidistrict litigation captioned *In re: Blackbaud, Inc. Customer Data Breach Litigation* (Case. No. 3:20-mn-02972-JMC, MDL 2972).

1

B.    "**CONFIDENTIAL Information**" means:

    i.    Information that may reveal a trade secret or other confidential research, development, financial, technical, operational, or information security information, or network architecture content, details and/or diagrams;

    ii.    Individual Information; and

    iii.    Information that a Disclosing Party has a duty or obligation to maintain confidentiality over, including, but not limited to, by operation of contract or data privacy/protection laws.

C.    "**CONFIDENTIAL — TRIAL COUNSEL ONLY Information**" means a subset of extremely sensitive "Confidential Information," such as corporate network security details and other security information, competitively sensitive financial information, or any other information the disclosure of which to another Party or non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, or documents including any of the Individual Information permitted to be redacted pursuant to Section II(E).

D.    "**CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE Information**" means documents that describe or depict the Designating Party's information security program, systems and tools, which, if disclosed, could, on its own and without more, compromise the security or integrity of the Designating Party's information security program.

E.    "**Designating Party**" means the Party asserting confidentiality.

F.    "**Discovery Material**" means all documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery.

G.    "**Document Platform**" means any e-discovery litigation support site or program used by a Party to store, manage, or review Discovery Materials in this Litigation.

H.    "**Expert**" means any consultant, investigator, or expert witness employed by the Parties or counsel for the Parties to assist in this Litigation.

2

I.    "**Lead Counsel**" means those individual attorneys appointed by the Court to a leadership position (i.e., Co-Lead, Steering Committee, Liaison counsel) for plaintiffs or defendants.

J.    "**Trial Counsel**" means attorneys (including Lead Counsel) who are not employees of a Party to this action but are retained to represent or advise a Party to this Action and have entered their appearance in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

K.    "**Individual Information**" means payment card numbers, financial account numbers, health insurance account number, social security numbers, addresses, phone numbers, e-mail addresses, driver's license numbers or other state identification numbers, employer identification numbers, tax identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers, usernames, passwords, or other information that may be used to access a person's financial accounts, medical history, or employment records.

L.    "**Party**" means any party to the Litigation, including its officers, directors, and employees.

M.    "**Producing Party**" means a Party or non-Party that produced or provided Protected Material.

N.    "**Privileged Material**" means Discovery Material covered by any applicable privilege or immunity, including, without limitation, the attorney-client privilege, common interest or joint defense privileges, or the work product doctrine.

O.    "**Protected Material**" means Discovery Material that is designated as CONFIDENTIAL, CONFIDENTIAL – TRIAL COUNSEL ONLY, or CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE pursuant to this Confidentiality Order.

3

P.    "**Receiving Party**" means a Party or non-Party who receives or obtains Protected Material.

## II.    DESIGNATION OF PROTECTED MATERIAL

A.    **Scope.**  All confidential Discovery Material shall be subject to this Confidentiality Order.  Discovery Material shall be used by a Receiving Party solely for purposes of this litigation.

The protections of this Confidentiality Order cover not only Protected Material but also (a) any information copied or extracted from Protected Material; (b) all copies, derivations, abstracts, excerpts, summaries or compilations of Protected Material; (c) any testimony, conversations or presentations by Parties or their counsel that might reveal Protected Material.  However, the protections conferred by this Confidentiality Order do not apply to (a) material, which on its face shows or which, through other evidence, the Receiving Party can show has been published to the general public; (b) information that the Receiving Party can show was lawfully in the Receiving Party's possession prior to being designated as Protected Material in this litigation and that the Receiving Party is not otherwise obligated to treat as confidential; or (c) information that the Receiving Party can show was obtained (without any benefit or use of Protected Material) from a non-Party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality.  Use of Protected Material at trial shall be governed by a separate agreement or order.

The Court and the Parties recognize that Plaintiffs have alleged they were the victims of a data security incident that exposed their Individual Information and, as a result, allege that they face a risk of future harm, including the alleged risk of future fraud and/or identity theft.  Thus, the Parties will exercise particular caution before publicly filing Individual Information.

B.    **Discovery Material Which May be Designated as Protected Material.**  The Parties may only designate as CONFIDENTIAL, CONFIDENTIAL – TRIAL COUNSEL ONLY,

or CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE Discovery Material which that Party considers in good faith to meet the definitions set forth in this Confidentiality Order.  A Party making such designation shall take care to ensure that only Discovery Material meriting treatment as CONFIDENTIAL, CONFIDENTIAL – TRIAL COUNSEL ONLY, or CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE is so designated.  Non-Parties producing documents in this litigation may also designate Discovery Material as CONFIDENTIAL or CONFIDENTIAL – TRIAL COUNSEL ONLY subject to the same protections, obligations, and constraints as the Parties to this litigation.  A copy of this Confidentiality Order shall be served along with any subpoena or document request served on a non-Party in this litigation.  All documents produced by any non-Party shall be treated as CONFIDENTIAL – TRIAL COUNSEL ONLY (unless otherwise specified by the Producing Party) for a period of 14 days from the date of production, and during that period any Party or non-Party may designate such documents as CONFIDENTIAL or CONFIDENTIAL – TRIAL COUNSEL ONLY pursuant to the terms of this Confidentiality Order.

C.    **Designation of Documents or Written Discovery Responses.**  Documents and written responses to discovery shall be designated by placing or affixing the designation CONFIDENTIAL, CONFIDENTIAL – TRIAL COUNSEL ONLY, or CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE on the document or written response in a manner which will not interfere with the legibility of the document and which will permit complete removal of the designation.  A Producing Party shall designate documents or written discovery responses as CONFIDENTIAL, CONFIDENTIAL – TRIAL COUNSEL ONLY, or CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE prior to, or contemporaneously with, the production or disclosure of the documents or responses.  A Receiving

Party may also designate documents or responses produced by another Party or non-Party as CONFIDENTIAL, CONFIDENTIAL – TRIAL COUNSEL ONLY, or CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE by providing notice in writing to all Parties, the Producing Party, and the Designating Party, identifying the relevant document numbers or otherwise describing with specificity the information subject to the designation, within thirty (30) days after receipt of such documents. Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL, CONFIDENTIAL – TRIAL COUNSEL ONLY, or CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE shall not be deemed a waiver, in whole or in part, of the right to designate documents as otherwise allowed by this Confidentiality Order.

D. **Designation of Deposition Testimony**. For testimony given in deposition, the Designating Party must either: (1) identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted; or (2) designate protected testimony in writing within 30 days after receipt of the transcript either by indenting the page and line number, as well as level of protection being asserted, for any testimony designated, or by indicating that the entire transcript should be treated as Protected Material. Documents marked as deposition exhibits that have been previously designated for protection under this Confidentiality Order do not need to be re-designated to maintain their designation. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Confidentiality Order. Until expiration of the 30-day period, if invoked, the entire deposition transcript will be treated as CONFIDENTIAL – TRIAL COUNSEL ONLY or CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE pursuant to this Confidentiality Order, unless designated otherwise at the time of the deposition. If any portion of

6

a deposition transcript is designated as Protected Material pursuant to this Confidentiality Order, the court reporter shall thereafter mark such pages in all copies of the transcript with the legend signifying such designation, and will note on the cover page of any such deposition the following legend: "Certain Designated Pages of this Deposition are Confidential and Subject to a Protective Order."

E.      **Redaction of Individual Information**. Any Producing Party may redact from Discovery Material Individual Information for individual, natural persons prior to production. If Discovery Material includes redactions of Individual Information and the Receiving Party asserts that it needs an unredacted copy of such Discovery Material, the Producing Party shall produce an unredacted version and may do so under the designation CONFIDENTIAL – TRIAL COUNSEL ONLY. Nothing in this Order permits redaction of information called for on Plaintiffs' or Defendant's Fact Sheets, but the Fact Sheets may be marked CONFIDENTIAL – TRIAL COUNSEL ONLY to the extent they include Individual Information.

## III.    USE OF PROTECTED MATERIAL

A.      **General Protections.** Except with the prior written consent of the Designating Party or by order of the Court, Protected Material may not be disclosed by a Receiving Party to any person except as permitted by this Confidentiality Order.

B.      **Treatment of Protected Material designated CONFIDENTIAL.** Protected Material designed as CONFIDENTIAL may be disclosed by a Receiving Party only to:

    i.      The Parties, their officers, directors, employees, and in-house counsel only to the extent reasonably necessary to provide assistance with the Litigation. No Protected Material designated as CONFIDENTIAL may be disclosed to putative class members other than the named plaintiffs, class representatives, and proposed class representatives unless and until one or more classes have been certified;

ii.  Trial Counsel, including the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees within their law firms who are working at the direction of such counsel, but only to the extent reasonably necessary to render professional services in the litigation, and for use exclusively in this Action (and for no other purpose);

iii.  Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in this Litigation, subject to the provisions of this Confidentiality Order;

iv.  Persons shown on the face of the Protected Material, or through other documentary or testimonial evidence, to be an original author or recipient of the Protected Material;

v.  Other persons who may be designated by written consent of the Designating Party or pursuant to Court order, but only for purposes of this Litigation and for no other purpose;

vi.  Witnesses during depositions and trial, who have signed the Acknowledgment of Understanding and Agreement to be Bound attached as Exhibit A (the "Acknowledgement");

vii.  Persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to prepare such persons to testify, who have signed the Acknowledgment;

viii.  Experts retained for the purpose of assisting Trial Counsel in this Litigation who are not current employees of a competitor of a Party and have not, at the time of retention, agreed to become an employee of a competitor of a Party, subject to the other requirements in this Confidentiality Order.  Prior to being given access to Protected Material of the Producing Party, the consultant or expert must execute the Acknowledgement;

ix.  Third-party providers of document reproduction, electronic discovery, or other litigation support services retained specifically for this Litigation and who have previously executed the Acknowledgment; and

x.  Mediators, Special Masters, or Arbitrators, including their staff, engaged by the Parties or appointed in the action by the Court, and who have previously executed the Acknowledgment.

**C.     Treatment of Protected Material designated CONFIDENTIAL – TRIAL COUNSEL ONLY.**  Protected Material designed as CONFIDENTIAL – TRIAL COUNSEL

ONLY may be disclosed by a Receiving Party only to persons designated in paragraphs III.B(ii)--(x) and only in accordance with those paragraphs.

D.    **Treatment of Protected Material designated CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE.**    Protected Material designated as CONFIDENTIAL-TRIAL COUNSEL ONLY – SECURITY SENSITIVE may be disclosed by a Receiving Party only to persons designated in Paragraphs III.B(ii) - (vi) and (viii) - (x) and only in accordance with those paragraphs.

E.    **Acknowledgments; Recordkeeping**.  Counsel for all persons receiving Protected Material under paragraphs III.B(vi)-(ix) (including recipients of Protected Material designated as CONFIDENTIAL – TRIAL COUNSEL ONLY or CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE) shall be responsible for obtaining, prior to disclosure and as a condition thereof, an Acknowledgment executed by the person to whom counsel discloses the Protected Material if so required by this Order.  Each non-Party witness to whom Protected Material is disclosed shall be advised that the Court has entered a Protective Order to limit disclosure of Protected Material, be provided a copy of the Protective Order, and must sign the Acknowledgement prior to receiving access to Protected Material. Counsel shall maintain the Acknowledgment forms signed by those persons required to execute an Acknowledgment under the terms of this Confidentiality Order.  Counsel shall also maintain a record of those persons who have been granted access to documents through the Party's Document Platform.

F.    **Maintenance of Protected Material**. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Confidentiality Order.  Receiving Parties shall exercise at least the same degree of care in the storage, custody, or use of Protected Material as they would

apply to their own material of the same or comparable confidentiality and sensitivity but in no event less than a reasonable degree of care. Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

i. Protected Material in electronic form shall be maintained in a secure Document Platform that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Protected Material under this Confidentiality Order;

ii. Protected Material downloaded from the litigation support site in electronic format shall be stored or shipped only on devices or media (e.g. laptop, tablet, smartphone, USB drive) that are password protected with access limited to persons entitled to access Protected Material under this Confidentiality Order;

iii. Protected Material in paper format shall be maintained in the Receiving Party's counsel's law offices or comparably secure location, with access limited to persons entitled to access Protected Material under this Protective Order;

iv. Electronic delivery of Protected Material shall be via platforms that encrypt all data in transit and can restrict access to designated recipients entitled to access Protected Material under this Confidentiality Order;

v. Physical shipments of Protected Material shall be by courier and securely sealed and addressed only to persons entitled to access Protected Material under this Confidentiality Order;

vi. If unauthorized access that includes Protected Material occurs or a Receiving Party reasonably believes such access may have occurred, the Receiving Party

shall immediately report such incident to the Producing Party, describe the Protected Material accessed, and use best efforts to secure or return the Protected Material accessed. The Receiving Party shall also immediately take such actions the Producing Party requests in good faith to remediate the incident, to preclude further incidents, and take such actions that are required by applicable laws, including privacy laws. In no event is a Producing Party ceding notification or remedial rights in the event of an incident; and

vii.    Any copies, excerpts, or compilations of Protected Material, whether in oral or written form, shall be subject to this Confidentiality Order to the same extent as the Protected Material itself, and, if in written form, must be labeled the same as the Protected Material. A Receiving Party shall not duplicate any Protected Material except for use as working copies and for filing in court.

G.    **Maintenance of Protected Material designated CONFIDENTIAL – TRIAL COUNSEL ONLY and which may need additional protections.**  To the extent a Designating Party believes that additional protections are needed beyond those described in this Order, then the Designating Party shall meet and confer with the Receiving Party to arrive at a protocol to access, review, receive, transmit, and use those documents.

H.    **Maintenance of Protected Material designated CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE.**  In addition to the requirements of Paragraph III.D above, for Protected Material designated CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE, the following additional provisions apply:

11

i.    Plaintiffs must employ a Document Platform vendor that has the ability to limit access to CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE to those persons authorized by this Order.

ii.    Plaintiffs shall use reasonable efforts to limit the number of Trial Counsel with access to CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE documents and information. To that end, Plaintiffs shall provide Defendant and the Court with a list identifying the select team of Lead Counsel and document reviewers who are granted access to CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE documents in the Document Platform within 14 days of the first production of CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE documents. Plaintiffs shall update the disclosure within 14 days if any additional Trial Counsel are provided access after the initial disclosure.

iii.    Plaintiffs shall also maintain a list of any individuals identified in Paragraph III.B.(viii) who are provided access to any CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE documents.

iv.    No person authorized to view or access CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE Information shall allow (directly or indirectly) any unauthorized person to view or access such information or otherwise facilitate or enable such unauthorized view or access.

v.    Any hard copy CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE Information in the possession of the Receiving Party shall be maintained in the United States in a secured, locked area at an office (or home office) of the Receiving Party's Outside Counsel in a manner that prevents duplication of or

unauthorized access to the CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE Information.

vii.     Excerpts of CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE Information may be used in any presentation to the Court, discovery request or response, or pleading so long as the other provisions of this Protective Order are followed, and such material is clearly labeled with the CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE Information designation. The parties agree that if any CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE Information is submitted to the Court, it must be filed under seal as set forth in Section VII, below, and Local Rule 5.03 of the District of South Carolina.  In the event of such filing under seal, the Receiving Party may create such pdfs or electronic copies as may be necessary to effectuate filing with the Court, but shall delete or destroy such electronic copies immediately upon successful electronic filing of the CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE Information and associated service of unredacted and/or courtesy copies with the Court.

viii.     ALL CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE Information used during a deposition or marked as an exhibit at a deposition will be retrieved by the party who marked the exhibit at the end of each day. At no time, will any CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE Information be given to or left with the court reporter or any other individual present at the deposition.  The parties agree to work cooperatively to ensure that this paragraph is complied with.  To the extent any Protected Material that should be retrieved under this paragraph is inadvertently not retrieved at the end of the day,

the party that marked the exhibit shall seek the return or destruction of such Protected

Materials and, to the extent necessary, the other Party will work cooperatively to ensure

such return or destruction.

H.    **Use of Protected Material at Trial or Hearing**. A Party that intends to introduce

or that anticipates that another Party may introduce Protected Material as evidence at a hearing or

trial must bring the issues to the attention of the Court and the other Parties and the Court may

make such orders as are necessary to govern the use of such Protected Material at the hearing or

trial.

## IV.    DE-DESIGNATION; CHALLENGES TO DESIGNATIONS.

A.    **Requests for Changes to Designations**.  Any Party or non-Party may request a

change in the designation of Protected Material. Any Protected Material shall be treated as

designated until the change is completed.  If the requested change in designation is not agreed to,

the Designating Party shall have the burden of proving that the information in question is within

the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Confidentiality Order.

B.    **Challenges to Designations**.  Any Party may challenge a designation of

confidentiality at any time.  The Party challenging a confidentiality designation shall identify in

writing each challenged document by Bates number or otherwise specifically describe the

document challenged and set forth the specific reasons why the Party does not believe the

confidentiality designation is appropriate.  Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

right to challenge a confidentiality designation by electing not to make a challenge promptly after

the original designation is disclosed. In the event of a challenge, the Designating Party shall have

14

the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Confidentiality Order.

C.    **Resolution of Challenges**.    Absent agreement, within 14 days of a written challenge to a designation, the Designating Party must move the Court for relief.  Counsel for each Party shall meet and confer within seven days of a written challenge to limit the scope of any issues requiring resolution by the Court.  To that end, the Parties shall identify exemplar documents for the Court's review, a ruling on which will allow the Parties to resolve their disputes concerning any similar documents for which a confidentiality designation has been challenged.

D.    **Treatment of Protected Material During Challenge**.  Discovery Material subject to a challenge shall continue to be treated as Protected Material until one of the following occurs:

  i.    The Designating Party withdraws such designation in writing;

  ii.   The Designating Party fails to move timely for an Order designating the documents as set forth in paragraph IV.C above; or

  iii.  The Court rules that the documents should no longer be treated as designated.

E.    **Appointment of Special Master**. If a Special Master is appointed by the Court, any challenges to confidentiality designations shall be presented to the Special Master, rather than the Court, under any procedures set forth governing the appointment of the Special Master.

## V.    PROTECTED MATERIAL IN DEPOSITIONS

If a Party, the current employee of a Party, or anyone represented by counsel for a Party, is noticed for deposition, that Party's counsel is responsible for providing a copy of this Confidentiality Order to the witness and obtaining the witness's signature on the Acknowledgment prior to the deposition.  If a non-Party is subpoenaed for deposition, the counsel issuing the subpoena is responsible for providing a copy of this Confidentiality Order to the witness and attempting to obtain a signed Acknowledgment. If a non-Party witness has refused to sign the

Acknowledgment, the issuing counsel shall advise the witness on the record that the Court has entered a Protective Order to limit disclosure of Protected Material and shall be provided a copy of the Protective Order, which shall serve as a substitute for the signing of the Acknowledgement and shall permit examination of the witness regarding Protected Material.

## VI.    SUBPOENAS OR LEGAL PROCESS CALLING FOR DISCLOSURE OF PROTECTED MATERIAL

If a Party receives a subpoena or other legal process which calls for disclosure of any material designated as CONFIDENTIAL, CONFIDENTIAL — TRIAL COUNSEL ONLY, or CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE by another Party, then the Party from whom disclosure is sought shall give prompt written notice (including a copy of such subpoena or other legal process) to counsel for the Producing Party, and shall cooperate to the extent necessary to permit the Producing Party to seek to quash such process or discovery request.  The party from whom disclosure is sought shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information until at least 21 days after providing notice to the Producing Party in order to provide the Producing Party an  opportunity to challenge the subpoena or legal process.

## VII.    FILING AND USE OF PROTECTED MATERIAL FOR PRETRIAL PURPOSES

A Party that seeks to file any Protected Material must either receive written permission from the Designating Party to file the Discovery Material of public record, or seek to file the Protected Material under seal in compliance with Local Civil Rule 5.03, and, to the extent necessary, the Court's Procedures for the Filing, Service, and Management of Highly Sensitive Documents, No. 21-mc-00020-RBH (Jan. 19, 2021).  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Local Civil Rule 5.03

is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

In the event any case is remanded to the transferor court, Protected Material shall be filed under seal in the transferor court according to the Electronic Case Filing procedures and other applicable rules of the transferor district and shall remain restricted in the Clerk's office of the transferor court so long as they retain their designated status as Protected Materials.

## VIII.   PROPER USE OF PROTECTED MATERIAL

Persons obtaining access to Protected Material pursuant to this Protective Order shall use the information in connection with this Litigation only—including appeals and retrials—and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings, unless otherwise required by applicable law.  Nothing in this Protective Order constitutes a finding or admission that any Protected Material is (1) subject to any data protection law and/or (2) information protected from disclosure under state or federal law.

## IX.   NON-TERMINATION

The provisions of this Confidentiality Order shall not terminate at the conclusion of this MDL proceeding or any or all of the individual actions coordinated or consolidated therein.  Within 60 days of a written request after final disposition of this or any related litigation, Protected Material and all copies of same (other than exhibits of record and work product incorporating Protected Material) shall be returned to the Producing Party or destroyed. Final disposition, for purposes of this Confidentiality Order, is the later of: (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Notwithstanding the

foregoing, counsel for all Parties may keep one copy of any transcripts, pleadings, and exhibits and shall maintain them in confidence and otherwise continue to comply with the terms of this Protective Order until destroyed or deleted.  Upon written request following final disposition, counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 60 days after receipt of such request.

## X.     ASSERTION OF PRIVILEGE OVER A NON-PARTY'S DOCUMENTS

A.     Nothing in this Confidentiality Order or the Stipulated Order Governing Privilege Logs shall allow a Party to designate documents as Privileged Materials on behalf of a non-Party.

B.     In the interests of the swift adjudication of this matter, to the extent a Party claims a privilege or protection over Discovery Material responsive to a subpoena issued in this Litigation, then a Party may follow the Clawback procedure set forth in Section XIII including that any disputes to be decided in this Action (*i.e.*, the issuing court) rather than the compliance court.

C.     Nothing within this Confidentiality Order prohibits a Party or non-Party from moving for a Protective Order under Fed. R. Civ. P. 26(c) in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

## XI.    ORDER IMPLEMENTING FED. R. EVID. 502(d)

A.     This Protective Order is entered pursuant to and invokes the protections of Federal Rule of Evidence 502(d). Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of documents or information in this action.  In order to allow for expeditious production of documents, a Producing Party may, at its sole option, produce such materials without detailed, or any, review to determine whether the production includes Privileged Material.  In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, any such production or disclosure of Privileged Material shall not be deemed to waive—in this Litigation or in any other proceeding or matter—any applicable privilege or immunity (including, without limitation, the

18

attorney-client privilege, the work product immunity and the joint defense or common interest privilege) that would otherwise attach to the disclosed materials or their subject matter. The Parties shall not argue, in this forum or any other, that any privilege or protection was waived as a result of disclosure in this action, regardless of the procedures used to identify Privileged Material prior to production, subject to the Clawback Provisions below.

B.     If a Party identifies discovery material that appears on its face to be Privileged Material belonging to another Party or non-Party, the identifying Party is under a good-faith obligation to notify that other Party or non-Party. Such notification shall not waive the identifying Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified Discovery Material. If the Party or non-Party to which the disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that Party or non-Party shall notify the Receiving Party of its assertion of privilege within 7 calendar days of receiving the identifying Party's notification of potentially Privileged Material. Nothing in this Confidentiality Order limits or otherwise modifies an attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the disclosing Party that such Privileged Material has been produced.

C.     This Order does not preclude a Party or non-Party from intentionally waiving any claims of privilege or protection.

D.     The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses Privileged Material to support a claim or defense, when a Party uses Privileged Material during a deposition without the assertion of a contemporaneous objection, when a Party intentionally discloses Privileged Material to any non-Party including the Court (e.g., in connection with or support of a filing), or when a Party makes selective disclosures of documents

for any other purpose. This paragraph does not preclude a Party from arguing that waiver was made under any other applicable rule of law.

## XII.   CLAWBACK OF PROTECTED MATERIAL

A.    A Producing Party that determines that it made a disclosure of Protected Material without proper designation shall promptly notify the Receiving Party following discovery of the production and the Receiving Party shall mark it and all copies "CONFIDENTIAL" or "CONFIDENTIAL — TRIAL COUNSEL ONLY" or "CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE" at the expense of the Producing Party and shall treat the document as Protected Material under the terms of this Confidentiality Order.

B.    If any produced Protected Material has been provided to a non-Party, as permitted pursuant to Sections III.B(vi) and (viii), by a Receiving Party, the Receiving Party will use all reasonable efforts to secure the proper designation of the Protected Material, including reminding the non-Party of its obligation to adhere to the terms of this Protective Order that non-Party agreed to by executing the Acknowledgement.

C.    Notice of unintentional disclosure shall apply to all copies of the document disclosed.

## XIII.  CLAWBACK OF PRIVILEGED MATERIALS

A.    A Party or non-Party that determines that Privileged Material was disclosed in this Litigation shall promptly notify the Receiving Party, in writing, following discovery of the production (the "Clawback Notice") and the Receiving Party shall:

  i. Immediately cease the review and use of the disclosed Discovery Material, except to the extent necessary to determine and/or contest the privilege or protection; and

  ii. If the Receiving Party does not challenge the assertion of privilege or protection: (1) return or destroy the disclosed document or information

forthwith, as well as any and all copies thereof; and (2) destroy any references to the erroneously or inadvertently disclosed Privileged Material or its contents, to the extent such references exist in other materials prepared by the Receiving Party; or

iii.    If the Receiving Party intends to challenge the assertion of privilege, the Receiving Party shall sequester the Discovery Material that is the subject of the notice, unless and until the Court determines the document is privileged or protected. [1]

B.    The Clawback Notice should identify by bates number each document that the Party or non-Party asserts is Privileged Material and explain the basis for the assertion of privilege or protection in a manner sufficient for the Receiving Party to assess the claim of privilege or protection.

C.    In the event a Party utilizes the procedures in this section, the asserting Party must produce a document-by-document privilege log that is consistent with the Parties' Stipulated Order Governing Privilege Log, and must do so within the following time after providing a Clawback Notice: 7 days for a Clawback Notice that designates 50 documents or less; 14 days for a Clawback Notice that designates 51-250 documents; and 28 days for a Clawback Notice that designates more than 251 documents.

D.    Upon request of the Party or Non-Party asserting a privilege or protection, the Receiving Party must provide a certification of counsel that the disclosed Discovery Material has been returned, sequestered, or destroyed subject to the terms of this Confidentiality Order.  The Receiving Party's return, sequester, or destruction of any discovery item pursuant to this provision shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document was never privileged or protected.

---

[1] Copies of Protected Material or Privileged Material that have been stored on electronic media that are not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored. If such data is restored, the Receiving Party must take steps to return, destroy, or re-sequester the restored Protected Material or Privileged Material.

21

E.      If any produced Privileged Material has been provided to a non-Party by a Receiving Party, the Receiving Party will use all reasonable efforts to secure the prompt return of the Privileged Material (and the destruction of any references thereto).

F.      A Clawback Notice shall apply to all duplicate copies of the Discovery Material asserted to be Privileged Material in the Clawback Notice.

G.      If a Receiving Party disputes any assertion of privilege in a Clawback Notice, the Receiving Party shall notify the asserting Party of the dispute and the basis therefore in writing within 10 business days of receipt of the Clawback Notice.  However, to the extent that a Party seeks to claw back more than 100 documents within a 7-day period, the Receiving Party shall be provided an additional 7 business days to review such documents and dispute the privilege claims asserted over them.  The Parties thereafter shall meet and confer in good faith within 10 business days regarding the disputed claim.

H.      In the event that the Parties do not resolve their dispute, the Party claiming privilege must bring a motion for a determination of whether a privilege applies within 7 days of the determination that no resolution will be achieved.  At the time such motion is made, the moving Party shall also submit to the Court, or Special Master if applicable, for *in camera* review a copy of all Discovery Material subject to the challenge. The Designating Party must preserve the information until the challenge is resolved.

I.      Nothing in this Order is intended to preclude either Party from seeking fees or expenses associated with the unreasonable or excessive Clawback of documents.

## XIV.  MODIFICATION PERMITTED

Any Party for good cause shown may apply to the Court for modification of this Confidentiality Order. This Confidentiality Order shall remain in full force and effect and each

person subject to this Confidentiality Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Confidentiality Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Confidentiality Order by the occurrence of conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

Respectfully submitted,

**MOTLEY RICE LLC**
*/s/ Marlon E. Kimpson*
Marlon E. Kimpson (SC Bar No. 17042)
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Tel: (843)216-9000
Fax: (843)216-9027
Email: mkimpson@motleyrice.com

**DiCELLO LEVITT GUTZLER LLC**
*/s/ Amy E. Keller*
Amy E. Keller
Ten North Dearborn Street, 6th Floor
Chicago, IL 60602
Tel: (312) 214-7900
Email: akeller@dicellolevitt.com

**WHITFIELD BRYSON LLP**
*/s/ Harper T. Segui*
Harper T. Segui
217 Lucas Street, Suite G
Mount Pleasant, SC 29464
Tel: (919) 600-5000
Fax: (919) 600-5035
Email: harper@whitfieldbryson.com

**SUSMAN GODFREY LLP**
*/s/ Krysta K. Pachman*
Krysta K. Pachman
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
Email: kpachman@susmangodfrey.com

*Co-Lead Counsel for Plaintiffs*

**BURR FOREMAN MCNAIR**
*/s/ Celeste T. Jones*
Celeste T. Jones (Fed. ID # 2225)
1221 Main Street, Suite 1800
Columbia, SC 29201
Tel: (803) 799-9800
Fax: (803) 753-3278
Email: CTJones@burr.com

*Co-Lead Counsel for Defendant Blackbaud, Inc.*

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 29, 2021
Columbia, South Carolina

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

|  |  |
|---|---|
| **IN RE: BLACKBAUD, INC., CUSTOMER DATA SECURITY BREACH LITIGATION** | **Case No. 3:20-mn-02972-JMC**<br><br>**MDL No. 2972**<br><br>**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER** |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [INSERT], 2021, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL or CONFIDENTIAL – TRIAL COUNSEL ONLY or CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE solely for the purposes of the above-captioned action, and not to disclose any such Confidential Material to any other person, firm or concern, or in any manner not specifically authorized by the Confidentiality Order.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____        _____
                                                        Signature

25