IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |
|---|---|
| IN RE: BLACKBAUD, INC., CUSTOMER DATA BREACH LITIGATION | Case No.: 3:20-mn-02972-JMC <br><br> MDL No. 2972 <br><br> **CASE MANAGEMENT ORDER NO. 12** <br> **(SUMMARY OF SCHEDULING REVISIONS)** |

THIS DOCUMENT RELATES TO ALL ACTIONS:

This matter is before the court to address the parties' concerns about the next phases of discovery in this action. Upon its review, the court observes as follows:

    a.    *Phased Discovery*

Discovery has been delayed in this case because the parties disagree as to the scope of Phase I discovery. The court sequenced the litigation such that the first phase of the litigation was designed to "address jurisdictional issues, certain statutory claims, and specific common law claims." (ECF No. 78 at 1.) In Case Management Order No. 7C (Litigation Sequencing), the court proposed that the parties engage in Phase I discovery related to the following issues: "ascertainability, damages, and causation." (*Id.* at 3.) The court intended Phase I discovery to facilitate the parties' mediation efforts. (*Id.*)

Based on the parties' submissions, it appears that the parties have different understandings of the definition of "causation" as it relates to information and documents to be produced in discovery. The court defines "causation" as all information and documents related to Plaintiffs' allegations that the damages sought in this litigation are traceable to Blackbaud as a result of its specific Ransomware Attack, and all information and documents related to Blackbaud's defenses

1

that it did not proximately cause Plaintiffs' alleged damages and that such damages, if at all, were proximately caused by some other action or entity. The parties are advised to continue to work with Special Master Grossman as to any further disputes about discovery under these parameters as it relates to Phase I.

Now that the court has ruled on Blackbaud's Motions to Dismiss regarding jurisdictional issues and certain statutory claims (*see* ECF Nos. 129, 143) and will soon rule on its Motion to Dismiss specific common law claims (ECF No. 124), the case is primed to move to the next phase of litigation because the parties will soon be aware of all claims that are potentially moving forward to trial.

      b.    *Class Certification*

Plaintiffs desire that the court allow them to proceed with class certification prior to any further dispositive motions in this case. Plaintiffs base their position on (1) scheduling orders filed in other data breach actions which have allowed this sequence, (2) suggestions within the Federal Judicial Center's guide on Managing Related Proposed Class Actions in Multidistrict Litigation, and (3) their belief that addressing class certification issues before liability will promote a more efficient resolution of this litigation and prompt more beneficial settlement negotiations.

To the contrary, Blackbaud desires that the court require the parties to continue phased discovery, thereby allowing the parties to disclose experts, exchange substantive documents and resolve liability issues before focusing on class certification.

At the onset of the litigation, the court informed the parties that it intended to abide by Federal Rule of Civil Procedure 1 to promote "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. (*See also* ECF No. 23 at 1.) In doing so, the court has focused on the issues that are necessary for the case to proceed expeditiously and without

unnecessarily increasing the cost of the litigation and wasting judicial resources. As a result, the court is not inclined to allow the parties to engage in several rounds of briefing on dispositive merits motions that has yet to yield significant streamlining of the case. Additionally, the court does not find benefit in ruling on dispositive merits motions that would only bind the named Plaintiffs and would not preclude Plaintiffs' Counsel's subsequent efforts to certify a class.

    c.    *Revised Litigation Sequencing*

Therefore, upon consideration of parties' submissions and the aforementioned observations, the court revises the litigation schedule, and the case will proceed according to the following schedule[1]:

| Event | Event Deadline |
|---|---|
| Phase I- discovery | November 30, 2021 |
| Phase II- class certification discovery | January 31, 2022 |
| Plaintiffs' motion for class certification | March 12, 2022 |
| Defendants' response to class certification | April 22, 2022 |
| Phase III-fact discovery supporting dispositive motions | April 30, 2022 |
| Hearing on class certification | May 2022 (date to be determined) |
| Initial expert reports | May 16, 2022 |
| Rebuttal expert reports | June 6, 2022 |
| Phase IV-expert discovery | July 8, 2022 |
| *Daubert* motions | July 29, 2022 |
| Response to *Daubert* motions | August 28, 2022 |
| Dispositive motions | September 1, 2022 |
| Phase V-all remaining discovery | September 30, 2022 |
| Response to dispositive motions | September 30, 2022 |
| Hearing on dispositive/*Daubert* motions | October 2022 (date to be determined) |
| Mediation | November 15, 2022 |

---

[1] The court acknowledges that the discovery conducted by the parties in the specified phases may overlap. The schedule herein is designed to provide a deadline for each particular phase of discovery. The schedule does not expressly prohibit mutually agreed upon extensions by the parties so long as such extension does not interfere with the other specified deadlines. Any extension shall only be granted upon a showing of good cause. At the next Case Management Conference, the court invites the parties to be prepared to discuss any remaining deadlines not contemplated by this Scheduling Order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 22, 2021
Columbia, South Carolina