**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| IN RE: BLACKBAUD, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:20-mn-02972-JMC<br><br>MDL No. 2972<br><br>**ORDER ON PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION** |

THIS DOCUMENT RELATES TO: ALL ACTIONS

## I.    DISCOVERY

On October 8, 2021, Plaintiffs served Defendant Blackbaud, Inc. ("Blackbaud") with Plaintiffs' Second Set of Requests for Production ("Second Production Requests"). In the Second Production Requests, Plaintiffs request that Blackbaud provide access to Plaintiffs' counsel (and any designated consulting experts) to inspect the "customer database backup files which were exfiltrated, copied, or potentially exfiltrated or copied, during the ransomware attack." The Court finds good cause for the inspection of such customer database backup files, solely as they pertain to Blackbaud's U.S. customers (collectively, the "Backup Files"). The Court therefore orders the inspection of Backup Files, beginning with the Backup Files belonging to five (5) sample Blackbaud customers, and continuing with the production of additional Blackbaud customer Backup Files, on a rolling basis, as agreed to by the Parties or as otherwise directed by the Special Master. Blackbaud will provide notification to its customers, to whom the contents of the Backup

Files belong, of the inspection(s) contemplated by this Order via email or first class mail, when needed and as appropriate consistent with any schedule of inspection issued by the Special Master.

## II.     AMENDMENT TO STIPULATED CONFIDENTIALITY ORDER

As recognized in the Stipulated Confidentiality Order entered previously by the Court (*see* Dkt. No. 63), disclosure and discovery activity in this Litigation may involve the production of information that warrants additional protection from public discovery and from use for any purpose other than prosecuting and defending this Litigation.  This information includes the Backup Files to which Plaintiffs will have access, as set forth in Section I.  Accordingly, to accommodate the flow of discovery material, the Court orders that the following paragraphs shall apply to the Backup Files, and the information contained therein, and that all other sections of the Stipulated Confidentiality Order shall continue to apply unless specifically stated otherwise below:

**A.**     The Backup Files, and all information contained therein, shall be deemed "CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE INFORMATION" under the Stipulated Confidentiality Order and shall be treated accordingly.

**B.**     The Backup Files, and all information contained therein, shall be stored and hosted in an environment maintained by Blackbaud (the "Virtual Environment").  The Virtual Environment shall be the sole method by which Plaintiffs' Trial Counsel and/or designated Expert(s) can access the Backup Files.  Such environment shall be deemed a "Document Platform" under the Stipulated Confidentiality Order and shall be treated accordingly.

**C.**     Blackbaud and Plaintiffs shall work with the Special Master to develop requirements and protocols to balance the needs of the Litigation with the security, confidentiality, and integrity of the Backup Files, including to address the following issues:

1. Technical requirements for the Virtual Environment (*e.g.*, required operating system, software/hardware, computing power, etc.).

2. Configuration of the Virtual Environment, including technical limitations, where necessary, on Plaintiffs' ability to print, copy, duplicate, transmit, export, or otherwise download the Backup Files and the contents included therein.

3. Protocol addressing access to the Virtual Environment, including credentialing, account login and password requirements, logging and monitoring and related administrative tasks.

4. Protocols relating to Plaintiffs' Trial Counsel and/or its designated Expert(s) egress of information from the Virtual Environment, including personally identifiable information (*e.g.*, additional notice and logging requirements), and the storage and security of such information. The parties shall also reach an agreement on protocols relating to taking written or electronic notes relating to the Backup Files, and how such information shall be treated and used.

5. Data destruction requirements relating to any information accessed or exfiltrated from the Virtual Environment, including as it relates to timing and method of destruction.

The parties will work collaboratively with the Special Master to address the functions requested by Plaintiffs' Trial Counsel and their designated Expert(s) to ensure that the Virtual Environment is configured to allow for the adequate inspection of the Backup Files.

**D.**     Allocation of costs related to the production of data pursuant to this Order will be determined by separate briefing and order to be ruled upon by the Special Master.

**E.**     Plaintiffs' Trial Counsel and their designated Expert(s) agree not to attempt to hack, alter, manipulate, make changes, exploit, introduce malicious code, or otherwise do anything to disable, destroy, alter, backwards engineer, defeat, or use the Virtual Environment in any way that the Parties have not expressly intended in this Order.

**F.**     Blackbaud and Blackbaud's Trial Counsel will not examine or access any work done by Plaintiffs' Trial Counsel and/or Plaintiffs' Expert(s) associated with the Backup Files or any logs that show what work was done in the Virtual Environment without the express permission of Plaintiffs' Trial Counsel, unless such access or activity is required for administrative functions (including cyber and network security monitoring) or to prevent or resolve an event that might compromise, destroy or disable the Virtual Environment, the security of the data stored on it or its operation.  Excluding automated logging and monitoring activity, if physical access to the Virtual Environment by Blackbaud personnel is necessary, Blackbaud will provide advance notice—to the extent possible—to Plaintiffs' Trial Counsel and their designated Expert(s), to be determined in the process contemplated by Paragraph C, above.  Blackbaud agrees that the access or activity will be limited to that necessary to resolve the issue. Blackbaud further agrees that if any information is observed by Blackbaud's personnel regarding Plaintiffs' or Plaintiffs' Experts' activity, that the content of the information will not be shared with Blackbaud's management, witnesses, Experts or Blackbaud's Trial Counsel unless agreed to by the Parties or ordered by the Special Master or the Court, and that such disclosure will not waive any applicable work-product protections, if any, for such information.

4

**G.**    Concerning Plaintiffs' access rights, access to the Virtual Environment shall be limited to those individuals identified in Paragraphs III.B(ii) and (viii) of the Stipulated Confidentiality Order.  Plaintiffs shall provide the Special Master and Blackbaud with a list of all such individuals before those individuals are granted access.   The list provided under this subsection shall include: each individual's name, address, and current employer.  Each individual granted access will have a unique login.  Account login credentials may not be shared or used among individuals.

**H.**    With the exception of individuals identified in Paragraph III.B(ii) of the Stipulated Confidentiality Order, any individual who is granted access to the Backup Files or information derived therefrom must execute the Acknowledgement attached hereto as Exhibit A before he or she accesses or views the Backup Files or information contained therein or derived therefrom.

**I.**    No information contained within the Backup Files, or information derived therefrom, shall be used by any person or entity receiving access to such information for any purpose other than the prosecution of the above-captioned case, and shall not be used to (i) contact any identified constituent(s) at any time during or after this Litigation, even if such contact is in any way related to the prosecution of the above-captioned case, without leave of Court; and (2) solicit any clients or potential clients, especially as it relates to the prosecution of the above-captioned case.

**J.**    If Plaintiffs' Trial Counsel and/or Plaintiffs' Expert(s) learn that, by inadvertence or otherwise, the Backup Files or the materials related to the Backup Files have been disclosed to any individual/entity that is not authorized to access the Backup Files under this Order, then

Plaintiffs' Trial Counsel will notify Blackbaud's Trial Counsel within twenty-four (24) hours of such discovery.

**K.**     At the point in time agreed to by the Parties or otherwise as directed by the Special Master, Plaintiffs' Trial Counsel and its Expert(s) access to the Backup Files shall cease, and Plaintiffs' Trial Counsel and its Expert(s) shall destroy any material in their possession related to the Backup Files and shall certify in writing to the Special Master or to the Court that such information has been disposed of securely consistent with the provisions outlined in the Stipulated Confidentiality Order.  Blackbaud shall be permitted to share such certification of destruction with its Customers.  Plaintiffs' Trial Counsel and Plaintiffs' Expert(s) shall comply with all reasonable directions provided by Blackbaud with respect to the secure disposal of the materials relating to the Backup Files.  To the extent the provisions of this Amendment conflict with any provisions of the Stipulated Confidentiality Order governing "CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE INFORMATION," or impose more stringent obligations with respect to treatment of the Backup Files than the Stipulated Confidentiality Order, the provisions of this Order shall control.

**L.**     This Order shall survive the final disposition of this Litigation, by judgment, dismissal, settlement, or otherwise.  Even after final disposition of this Litigation, the obligations imposed by this Order shall remain in effect until Blackbaud agrees otherwise in writing or a court order otherwise directs.

Respectfully submitted,

**MOTLEY RICE LLC**
*/s/ Marlon E. Kimpson*
Marlon E. Kimpson (SC Bar No. 17042)
28 Bridgeside Boulevard

**DiCELLO LEVITT GUTZLER LLC**
*/s/ Amy E. Keller*
Amy E. Keller
Ten North Dearborn Street, 6th Floor

Mount Pleasant, SC 29464
Tel: (843)216-9000
Fax: (843)216-9027
Email: mkimpson@motleyrice.com

**WHITFIELD BRYSON LLP**
*/s/ Harper T. Segui*
Harper T. Segui
217 Lucas Street, Suite G
Mount Pleasant, SC 29464
Tel: (919) 600-5000
Fax: (919) 600-5035
Email: harper@whitfieldbryson.com

*Co-Lead Counsel for Plaintiffs*

**BURR FOREMAN MCNAIR**
*/s/ Celeste T. Jones*
Celeste T. Jones (Fed. ID # 2225)
1221 Main Street, Suite 1800
Columbia, SC 29201
Tel: (803) 799-9800
Fax: (803) 753-3278
Email: CTJones@burr.com

*Co-Lead Counsel for Defendant Blackbaud, Inc.*

**IT IS SO ORDERED.**

Chicago, IL 60602
Tel: (312) 214-7900
Email: akeller@dicellolevitt.com

**SUSMAN GODFREY LLP**
*/s/ Krysta K. Pachman*
Krysta K. Pachman
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
Email: kpachman@susmangodfrey.com

J. Michelle Childs

United States District Judge

February 23, 2022
Columbia, South Carolina

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| **IN RE: BLACKBAUD, INC., CUSTOMER DATA SECURITY BREACH LITIGATION** | **Case No. 3:20-mn-02972-JMC**<br><br>**MDL No. 2972**<br><br>**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER** |

       The undersigned hereby acknowledges that he or she has read the Stipulated Confidentiality Order dated March 29, 2021 and the Order on Plaintiffs' Second Set of Requests for Production dated _____, 2022 (the "Confidentiality Orders") in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Orders and understands that the terms of the Confidentiality Orders obligate him/her to use discovery materials designated CONFIDENTIAL or CONFIDENTIAL – TRIAL COUNSEL ONLY or CONFIDENTIAL – TRIAL COUNSEL ONLY – SECURITY SENSITIVE solely for the purposes of the above-captioned action, and not to disclose any such Confidential Material to any other person, firm or concern, or in any manner not specifically authorized by the Confidentiality Orders.

       The undersigned acknowledges that violation of the Confidentiality Orders may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____                  _____
                                             Signature