IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IN RE: BLACKBAUD, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:20-mn-02972-JFA<br><br>MDL No. 2972<br><br>**ORDER AND OPINION** |

THIS DOCUMENT RELATES TO: ALL ACTIONS:

This matter is before the court pursuant to Blackbaud's motion to seal excerpts of its statement on choice of law (ECF No. 241), as well as Plaintiffs' motion to seal their memorandum regarding choice of law (ECF No. 242). Specifically, both parties ask to seal limited portions of their respective briefs because the excerpts include sensitive and confidential corporate information within the scope of the March 29, 2021, Stipulated Confidentiality Order entered in this matter. (ECF No. 63).

In order to seal a document, the court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

Upon review, the court observes that Blackbaud's motion to seal was filed on April 29, 2022, and Plaintiffs' motion was filed on April 30, 2022, thereby providing the public with notice and an opportunity to object to the motions. Plaintiffs have objected generally to Blackbaud's motion on the basis that they have, or will, challenge Blackbaud's designations regarding the Protected Material with the Special Master. (ECF No. 246). However, Plaintiffs acknowledge that

the information Blackbaud seeks to seal is currently designated as protected material and therefore subject to being sealed under the Stipulated Confidentiality Order. Blackbaud supports Plaintiffs' motion to seal. (ECF No. 247).

Having thoroughly reviewed the motions and responses, the court is persuaded that the information each party seeks to file under seal constitutes protected materials under the Stipulated Confidentiality Order filed in this case. (ECF No. 63). Under these circumstances, the court has considered less drastic alternatives to sealing these limited portions of each filing and determined that such alternatives would not provide adequate protection. As a result of the foregoing, the court GRANTS Blackbaud's motion to seal (ECF No. 241) and Plaintiffs' motion to seal (ECF No. 242). The parties are directed to file the sealed documents as well as the redacted versions within three (3) days of this order.

IT IS SO ORDERED.

May 17, 2022
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge